# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 838
### LATHAM v. FOLKERTH

Ohio Appeals, 2d District, Franklin County
No. 1039. Decided Oct. 11, 1923

37. ASSESSMENTS.

Assessment becomes lien on property when adopted, not when certified to county auditor.

166. ERROR.

No motion for new trial need be filed where Common Pleas Court acts as reviewing court in passing on question of law.

BY THE COURT.

Epitomized Opinion

Latham brought suit in the Municipal Court of Franklin county against Folkerth to recover $75.50 being the first installment on a street assessment. The contract of sale to Latham, the purchaser, was made on July 1, 1919, and provided that the grantor should pay all assessments to and including the June assessment of 1921. The assessment ordinance was passed and adopted in June, 1921. The assessment was not certified by the clerk until Sept. 1, 1921. The certificate contained the statement that "the first installment was due in December, 1920." The grantor refused to pay this assessment upon the ground that it was not due till certified to the county auditor. The Municipal Court held for the plaintiff grantee. This judgment was reversed by the Common Pleas Court, whereupon error was prosecuted. No motion for a new trial was filed in the Common Pleas Court. In sustaining the judgment of the Municipal Court, this court held:

1. The lien for the street assessment as against the owner became effective when the ordinance was adopted and became operative under the law; therefore the grantor is liable for this amount under the purchase contract.

2. As the questions decided by the Common Pleas Court were purely questions of law, no trial being had, it was unnecessary to file a motion for a new trial to prosecute error.

Attorneys—A. W. Webber and S. A. Sharp, for Latham; C. B. Folkerth, for defendant.

### No. 839
### SIEG v. STATE

Ohio Appeals, 8th District, Cuyahoga County
No. 4774. Decided Oct. 1, 1923

54A. BASTARDS.

Incapacity or inaccessibility of husband is essential to prove child born in wedlock illegitimate—Wife competent witness to prove illegitimacy of child—Adulterous acts of wife not sufficient alone to rebut presumption of legitimacy. 129—CRIMINAL LAW. Variance exists between averment that accused failed to support legitimate child and proof that child was illegitimate.

LEVINE, J.

Epitomized Opinion

Sieg was indicted under 1308 GC. for neglect to provide for a legitimate child. On trial Agnes Balcom, the mother of the child, was permitted, as against objection, to testify that she was a married woman, and that she had not lived with or seen her husband for over four years. She testified that Sieg had cohabited with her and was the father of the child. Her story to the affect that she had not seen her husband for a period of four years was not corroborated by other witnesses. As the accused was convicted, error was prosecuted. In reversing the judgment of the lower court, the of Appeals held:

1. Before a child begotten in wedlock can be adjudged a bastard, the proof must be clear, certain and conclusive, either that the husband had no power of procreation, or the circumstances were such as to render it impossible that he could be the father of the child.

2. The wife is a competent witness to testify to the non-access of her recreant husband in a criminal case against a putative father of her illegitimate child, for failure to provide said child with necessary and proper food.

3. The testimony of the mother alone, in view of the life she was leading and her adulterous acts was insufficient to clearly rebut the presumption of the legitimacy of the child.

4. As the affidavit charged that the accused had failed to support his legitimate child and the evidence disclosed that the child was illegitimate, a fatal variance existed, and it was incompetent to prove that the child was illegitimate under such an indictment.

Attorneys—David & Heald, for Sieg; Stanton, for State.

### No. 840
### BROINER et al v. SILVERMAN

Ohio Appeals, 1st District, Hamilton County
Decided February 20, 1922
To appear in 16 Appeal Reports

55. BILLS OF EXCEPTIONS.

Reviewing court may consider bill of exceptions as to questions asked jurors, on voire dire examination, although bill shows all questions asked are not included in it—Acquaintance of jurors with an insurance company agent involved in a personal injury case, not prejudicial, when—Hospital record showing statement of a previous ailment, may refused in evidence, where only bearing on case to embarrass and humiliate plaintiff.

## OFFICIAL SYLLABI

1. Questions asked jurors on voir dire examination which are claimed to be objectionable and are contained in the bill of exceptions may be considered by a reviewing court although all of the questions asked on voir dire examination are not included in the record and the certificate of the trial judge states that the bill of exceptions is not complete.

2. Upon the voir dire examination of jurors in a personal injury case between individuals, questions as to whether the jurors knew certain persons connected with an insurance company are not prejudicial where the persons named are not called as witnesses and the questions do not go to the extent of apprising the jurors that there is an insurance company financially interested in the final outcome of the case.

3. In such action a request for a physical examination of plaintiff made on the morning of the trial the jury has been empaneled may be refused by the court where an examination was had seven weeks after the accident and about four months before trial.

4. The court, in such case, may refuse to permit the introduction of a hospital record showing plaintiff's statement as to physical ailment from which he previously suffered where there is nothing in such record to show that the matter referred to would tend to cause any of the symptoms or injuries complained of and has no bearing on the case, but would only humiliate and embarrass plaintiff.

## No. 841

## UNION NEWS CO. v. FREEBORN

Ohio Appeals, 8th District, Cuyahoga County
No. 4613. Decided Oct. 22, 1923

### 78. CARRIERS.

Community of interest between passenger and restaurant in union depot makes passenger using slippery stairway therefrom invitee—Jury entitled to determine negligent character of depot operations.

SULLIVAN, J.

### Epitomized Opinion

This was an action for personal injuries brought against the Union News Co. The evidence disclosed that Ella Freeman slipped and fell while going up a flight of stairs leading from a restaurant in the Union Depot in Cleveland, to the exit leading to the train in the general waiting room. She had gone into the restaurant to make certain inquiries concerning a train for Painesville. The place where she fell was very slippery, due to the fact that one of the agents of the Union News Co. had washed the steps with soapy water while the plaintiff was in the restaurant. The evidence also disclosed that the restaurant was maintained in conjunction with the rest of the depot for the general use of the public, and that the defendant had control of the building. As the jury returned a verdict for the plaintiff in the sum of $5,000, the

defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As there was a community of interest between the passengers and the restaurant, the plaintiff was an invitee.

2. As the plaintiff was injured through the active operations of the defendant, the jury was entitled to consider them in order to determine whether they were of a negligent character.

Attorneys—Treadway & Marlatt, for defendant; Payer, Winch, Minshall & Karch, plaintiff.

## No. 842

## AUBLEY v. NOVOGRODER

Ohio Appeals, 8th District, Cuyahoga County
No. 4611. Decided Oct. 22, 1923

### 107. CONTRACTS.

Description regarding size of real estate need not be exact to make contract to sell binding.

VICKERY, J.

### Epitomized Opinion

Plaintiff, who owned land, gave to defendant, for $200, an option to purchase within thirty days on certain terms. In the option the land was described as being "about one hundred and thirty-five feet more or less" in depth. Defendant did not exercise the right of option. Several months afterward defendant put the option on record at the county recorder's office. This suit was brought to remove the cloud from the title. Defendant filed a cross-petition to recover the $200 and for $2,000 damages because the land was in fact only 100 feet in depth. The Common Pleas denied the prayer of the petition and entered a decree quieting title. Defendant appealed to this court. Held:

Where the terms "about" or "more or less" are used the courts go to great length in putting the purchaser on his guard and in holding him to his contract. The $200 was properly held to be forfeited. The entry quieting title was proper. Decree for plaintiff.

Attorneys—Herrick, Hopkins, Stockwell & Benesch, for plaintiff; Scott & Bissell, for defendant.

## No. 843

## CORRIGAN v. STATE

Ohio Appeals, 8th District, Cuyahoga County
No. 4849. Decided Oct. 22, 1923

### 129. CRIMINAL LAW.

Error in admitting evidence—How may be cured by subsequent testimony. 82. CHARGE TO JURY —Error in charge to jury may be cured later in the charge.

VICKERY, J.

### Epitomized Opinion

Corrigan was convicted in the Common Pleas for picking a pocket. In proceedings in this court he contended that the trial court erred (1) in its charge to the jury by saying, "If you find defendant guilty as I have instructed you, you will use this