## LOWE v. HIPPODROME INN CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7874.  Decided Sept. 24, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**NEGLIGENCE.**

(370 D)  To be liable for negligence, one must be guilty of something done or left undone with knowledge or what is legally tantamount to knowledge of the situation.

(370 D2)  In action to recover damages for injuries suffered by one who slipepd on wet spot, entire lack of testimony as to length of time that spot was there, together with entire lack of evidence as to knowledge, held insufficient to support verdict.

Error to Common Pleas.
Judgment affirmed.

Cline & Patterson, Cleveland, for Lowe.
Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Hippodrome Co.

### STATEMENT OF FACTS
SULLIVAN, PJ.

Plaintiff in error, on September 19, 1923, in company with her sister, descended the steps leading from Euclid Avenue in the City of Cleveland, to the cafeteria in the basement known as The Hippodrome Inn, and the set of stairs leading to the entrance of the Inn proper was divided by a landing, and on this landing the plaintiff in error slipped and received the injuries complained of, and the record shows that the cause of the slipping was a spot designated in the record as "a soapy, greasy substance, or soapy bubbles."

When the plaintiff rested, the court sustained a motion to direct, in defendant's favor, on the ground that the record was silent as to any evidence whatsoever as to any notice of the existence of the substance just described, and error is prosecuted to this court and we proceed to examine the record to ascertain the legal propriety of the action of the court below.

From a review of the record, we are unanimously of the opinion that the action of the court was in conformity not only to general principles of law with respect to the doctrine of negligence, but, by reason of the overwhelming weight of authorities bearing upon cases of a similar nature.

To be liable in negligence, one must be guilty of something done or left undone with knowledge or what is legally tantamount to knowledge of the situation.

In the case at bar it might be inferred that the spot had been there for a week and it might be inferred that it had only been there for a second. There are many more inferences that relate to the time it was there and one inference is no stronger than the other inference, under the state of the record.

Under this situation, had the case gone to the jury, a verdict could not be rendered in favor of plaintiff unless the jury selected by its own choice the inference out of the many which suited its mind the best, but the defendant could not be held upon an inference of this character because there is no evidence to support that or any of the other innumerable deductions which flow from the circumstances. In other words, without any testimony as to the length of time that the spot was on the landing, and without any proof of actual notice, there is nothing in the record of an evidentiary character bearing upon this vital and material point, and to hold the defendant liable under the charge of negligence, without any evidence, direct or indirect, of a negligent act, would be contrary to sound doctrine, general principle and well known authorities.

If there were any evidence as to notice, no matter how slight, under the scintilla rule the motion should have been overruled.

There is a long line of authorities in cases of this character, that there is no prima facie case made up in the absence of some evidence of some character bearing upon notice to the party charged.

Mr. Justice Holmes of the Supreme Court of the United States whose interpretation of the law is so sound that it rises to genius itself, in speaking upon this principle in Goddard v. Boston, etc., R. Co., 179 Mass. 52; 60 N. E. 486, used the following language:

"The banana skin upon which the plaintiff stepped and which caused him to slip may have been dropped within a minute by one of the persons who was leaving the train. It is unnecessary to go further to decide the case."

Able counsel for plaintiff in error cites the case that went to our own Supreme Court from the 8th District, the jurisdiction of this Court. The case is known as Kresge v. Fader, 116 OS. 118. The court in its opinion used language which we think applies to the case at bar and

instead of the Kresge case supra, being in support of the contention of plaintiff in error we think that it is strictly in accordance with the attitude of the court in the discussion of this case.

Finally, an impressive fact which distinguishes the Kresge case supra, from the one at bar, is that in the former case there was some evidence of the length of time that the cause for the complaint existed, and in the latter case there is no evidence whatsoever bearing upon that point, and it is significant, with this fact, appearing in the Kresge case supra, the Supreme Court notwithstanding reversed both courts, even after the case had gone to a jury in the trial court.

Holding these views, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)