## ROOD etc v WARD

Ohio Appeals, 9th Dist, Summit Co

No 5114. Decided Dec 20, 1928

Wanamaker & Russell, Akron, for Rood.
Smoyer & Smoyer, Akron, for Ward.

PER CURIAM

For the purpose of determining whether to exercise the right of peremptory challenges, a party has the right to ascertain whether a prospective juror has interests or connections which may cause him to have a possible bias or prejudice in certain classes of cases, and the inquiry in this case was appropriate for that purpose and does not appear to have been asked in bad faith. We hold that, by the weight of authority, it was not error to permit the inquiry to be made as it was made in this case.

During the trial, when the husband of Mrs. Ward was being cross-examined by counsel for Rood, he was inquired of in reference to a conversation that he had with Mr. Rood, the father of plaintiff in error, and was asked the following question: "Did you at that time express an opinion, based upon your knowledge of the facts in this case, as to who was responsible for this collision?" An objection to that question was sustained, and it is urged that in so doing the trial court committed error.

The question called for the witness' conclusion rather than for any facts, and was entirely too broad to be competent; and moreover, the question was answered in substance when he was asked whether or not he said to Mr. Rood, "Understand, I do not blame your boy; it was the big Buick which caused this collision; I did not stick my hand out because I did not have time to."

Upon the motion for new trial, affidavits were submitted, in which Rood complained

that one of his witnesses, after she had testified and while she remained in the court room, was guilty of some flirtation with a young attorney not connected with the case, in the presence of the jury, which, in the opinion of the jurors, might have detracted from or weakened her testimony which she had given at the trial. Counter affidavits were filed by the bailiff and the attorneys for Mrs. Ward, stating that they were present during the trial and did not observe or know of any such occurrences. The affidavits on behalf of plaintiff in error further state that neither the plaintiff in error nor his attorneys were aware of the incident until after the trial, but that the trial judge was aware of the same.

Under such circumstances the trial judge, in passing upon the matter, must have determined either that the incident was insignificant and of no importance, or else that he did not see and observe it. In either event, we cannot say that there was any prejudicial error committed by the court in reference to the matter. Moreover, there is no suggestion that Mrs. Ward or her attorneys or anyone connected with her had any part in said transaction or was in any way in fault in reference thereto; under such circumstances she ought not to be held responsible or in any way penalized for the acts and conduct of a stranger or for the acts and conduct of plaintiff's own witness.

Said affidavits of plaintiff in error also complain that one of the jurors was sleeping during the trial; but the record does not disclose that this matter was called to the attention of the court or that the court observed the same. Under such circumstances the court was not called upon to take any action, and of course committed no error by not doing so.

We do not find that the record discloses any evidence of passion or prejudice on the part of the jury, or that the verdict is manifestly against the weight of the evidence as to amount.

Finding no reversible error, the judgment is affirmed.

Washburn, PJ, Funk, J, and Pardee, J, concur.