## F. W. WOOLWORTH CO v KINNEY

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 5, 1929

Mr. Franklin Powers, Youngstown, for Woolworth Co.

Mr. Ed. Williams, Youngstown, for Kinney.

ROBERTS, J.

First it is claimed that there was error in impanelling the jury; that counsel for the plaintiff below inquired of the prospective jurors first:

"Are any of you interested as stockholders in public liability insurance companies?"

and second:

"Are any of you connected with public liability insurance companies as adjusters or attorneys?"

It is claimed that this is prejudcal and in support it is claimed that the asking of these questions would indicate to jurors that the action was being defended by liability or insurance companies, and that such being the fact the jury would be more willing to return a verdict against an insurance company than they would in a case where an insurance company is not known to be connected with the case.

This question has been considered by several courts, especially the Court of Appeals in different districts. There is one decison in the 104 Ohio State Reports, page 500. This question has arisen in two respects, one in the manner suggested in this case by inquiries of prospective jurors, and the other way in which evidence is sought to be elicited which indicates by questions asked that a liability company is defending the case. The latter proposition was involved in the case of **Goz v. Tenney, 104 OS. 500.**

It seems to be the generally accepted rule, and has been so regarded in several instances by this court, that an attorney should not during the trial ask a question merely for the purpose of eliciting information in the presence of the jury to indicate that the cause was really being defended by a casualty company, but where the evidence sought to be obtained is not otherwise incompetent, it is not rendered incompetent simply because this information may be obtained by reason of the nature of the question.

We have been cited to the case of **Rood v. Ward,** a case decided in the Ninth District Court of Appeals, Summit County, decided December 20th, 1928. (**7 Abs 183**)

The Court of Appeals of Canton recently had a similar proposition. I happen to know about this as I was sitting with that

court at the time and in the consideration of the case it was held that it was not prejudicial error to ask such questions.

In the case of **Brower et al. v. Silverman, 16 Ohio App., 236,** the second paragraph of the syllabus reads:

(Here follows quotation)

It may be readily understood that these questions can be and presumably are asked in good faith. At this time, when business is largely protected by casualty insurance and a very large proportion of the automobiles, for instance, carry indemnity insurance, it is not improbable that prospective jurors may be stockholders in some company, may be agents representing the company, solicitors of insurance, or otherwise interested to such extent as to appreciably or materially affect their judgment if permitted to sit as jurors.

Similar decisions have been rendered in the cases of **Highway Construction Company v. Eber,** Ohio Appeals of the Eighth District, found in the **Ohio Law Abstract of December 24, 1928, page 58,** and the case of **Lish v. Denny, 23 O. L. R., 229.**

This proposition has been before this court on former occasions, and consistently with holdings made in those cases and with the authorities which have been cited and others examined, we do not find prejudicial error to have existed in this respect.

The other proposition urged as error is the claim that there was no notice to the defendant of the alleged negligent condition. It is not denied by the Woolworth Company that there was some foreign substance upon the floor upon which this woman might have or presumably did slip, but it is claimed that it was something not placed there by the company; that it was not a permanent thing resulting from the construction or maintenance of the building in the operation of the business; that at most it was only a foreign substance which had fallen upon the floor accidentally, or in any event without the knowledge of the company, and that such being the fact actionable negligence would not be indicated unless this substance had remained there a sufficient length of time that the company in the exercise of ordinary care should have known of its presence, in the absence of anything, of course, showing actual knowledge.

While the petition alleged that the substance upon the floor was candy, it is not determined from the testimony with certainty what it was. It was variously suggested to have been candy or chewing gum, and is described by witnesses as being black in color and about the size of a silver dollar and firmly adhering to the floor to the extent that its removal necessitated the use of a chisel or some sharp instrument to separate it from the floor.

No issue is raised upon the proposition but that it not being placed there by the company that it should have been there such a length of time that the company might be charged with constructive notice. A large number of authorities are cited upon this proposition. The firmness with which it adhered to the floor would tend to indicate that it had been there for a period of time. A woman by the name of Davis was called as a witness, Mrs. Joe Davis. She testified to the effect that she was acquainted with Mary Kinney, the plaintiff below, and about a week after the accident, without knowledge, however, she called upon Mrs. Kinney, found her in bed and upon inquiry as to the cause of her illness or disability Mrs. Kinney related the accident which had happened to her in the Woolworth store, stating the time. Mrs. Davis then said that it occurred to her that shortly previous to this time she had also slipped and nearly fell as a result of something upon the floor in this store at substantially the same location. Upon an investigation of dates she further testified that it was determined that her accident occurred at the same place two days before the accident to Mrs. Kinney. Comment is made upon the fact that it is somewhat singular that Mrs. Kinney should discover this witness who had had a similar accident so recently before her injury. However, Mrs. Davis testified with apparent frankness and truthfulness and this testimony would tend to indicate that this substance had been on the floor for twenty-four hours.

As against that the Woolworth Company offers no testimony concerning the care of the floor, the frequency with which it was swept, does not even call the porter or some other employe, if that is his designation, who is said to have dug up this substance from the floor, so that there is no testimony upon the part of the defendant below tending to indicate that this substance might not have been there such a length of time.

In view of these conditions we are not able to say that there was such an absence of testimony tending to indicate a foreign substance upon the floor such a length of time as would give constructive notice, and prejudicial error is not found to exist in this respect.

It is claimed further that the verdict, which was $2500.00, is excessive, and the cause should be reversed for that reason. There is no dispute but what she had an accident and that she received some injury, but we are confronted with the usual condition that if we believe the doctor who testified for defendant company the injury was not serious, but if we believe the testimony of the doctor who testified for the plaintiff, then she did receive a permanent injury or one which is still existing and which has disabled her to a considerable extent and presumably will in the future. During the trial she was still wearing a brace to support and strengthen her ankle to enable her to walk.

The only testimony concerning the injury introduced by the defendant was that of the doctor, and in addition to the testimony of the doctor for the plaintiff there is the testimony of other witnesses concerning her disability. We are not able to say now, without taking time to go into detail concerning the large amount of testimony upon this proposition, that the verdict was so manifestly against the de-

cided weight of the evidence as to justify a reversal upon that propostion, and the judgment of the court of common pleas is affirmed.

Pollock and Farr, JJ, concur.