# GREAT ATLANTIC & PACIFIC TEA CO. v. LOGAN.

## No. 752.

Court of Civil Appeals of Texas. Eastland.

Dec. 5, 1930.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

D. T. Bowles, of Breckenridge, for appellee.

LESLIE, J.

Mrs. Izella Logan, plaintiff, a customer or invitee of the defendant, Atlantic & Pacific Tea Company, passing through its store, stepped on a banana peel, slipped and fell, sustaining personal injuries. She recovered this judgment as damages sustained by reason of the alleged negligence of the defendant in placing or allowing the banana peel to be in the passageway, where she stepped on the same. The trial was before the court and

jury, and, upon the latter's answers to special issues, the judgment was rendered in favor of plaintiff. The defendant appeals.

There are two propositions, raising at different stages of the trial the same question; that is, the absence of any testimony to carry the case to the jury or to justify the submission of the issues.

The point made is that, when the plaintiff, an invitee to the defendant's store, seeks to recover damages for personal injuries alleged to have been sustained when she slipped on a banana peel in the store and fell and injured herself as a result, and she also alleges, in the alternative, that the defendant placed the peel there, or knew it was there, and, further, that it had been there a sufficient length of time before plaintiff's injuries for the defendant, in the exercise of ordinary care, to have discovered and removed the same, the defendant is entitled to have its motion for an instructed verdict given when there is no evidence in the record supporting such allegations.

■■ The verdict and judgment should not be disturbed if there be any proper support for them in the testimony, and with this rule in mind we have carefully examined the testimony, and are forced to the conclusion that the defendant's propositions are meritorious and should have been sustained. The plaintiff simply failed to establish negligence upon the part of the defendant in the manner alleged. We find no evidence that the defendant knew of the presence of the banana peel at the place where the plaintiff stepped upon the same and fell, nor is there any evidence that the peeling lay in that position for such a length of time that it was the duty of the defendant, in the exercise of ordinary care, to know of its presence and remove it. There is no showing that it had either actual or constructive notice of the presence on the floor of the banana peel prior to plaintiff's slipping and falling. Only upon such showing, and in accordance with plaintiff's pleadings, could she impose upon the defendant liability for the injuries sustained, as may be seen from the following authorities, which state the rule of liability in this class of cases: Graham v. F. W. Woolworth Co. (Tex. Civ. App.) 277 S. W. 223, 224; Lundgren v. Gimbel Bros. 191 Wis. 521, 210 N. W. 678; Schnatterer v. Bamberger, 81 N. J. Law, 558, 79 A. 324, 34 L. R. A. (N. S.) 1077, Ann. Cas. 1912D, 139; God-

dard v. Boston & Maine Railroad Co., 179 Mass. 52, 60 N. E. 486; Lowe v. Hippodrome Inn Co., 30 Ohio App. 520, 165 N. E. 749; Bennett v. L. & N. R. R. Co., 102 U. S. 577, 26 L. Ed. 235; Kaufman Dept. Stores v. Cranston (C. C. A.) 258 F. 917; Scott v. Kline's Inc. (Mo. App.) 284 S. W. 831; Gorman v. Brahm's Sons, Inc., 298 Pa. 142, 148 A. 40; Stark v. Great Atlantic & Pacific Tea Co., 102 N. J. Law, 694, 133 A. 172; Rom v. Huber, 93 N. J. Law, 360, 108 A. 361; Chichas v. Foley Bros., 73 Mont. 575, 236 P. 361; Zugbie v. J. R. Whipple Co., 230 Mass. 19, 119 N. E. 191; Norton v. Hudner, 213 Mass. 257, 100 N. E. 546, 44 L. R. A. (N. S.) 79; Blake v. Great A. & P. Tea Co. (Mass.) 164 N. E. 486; 45 C. J. 837; 20 R. C. L. 57.

In the section of Corpus Juris cited it is said: "In order to impose liability for injuries to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it."

This is a correct statement of the rule of liability in such cases, sanctioned and approved by the authorities generally. In the case of Graham v. F. W. Woolworth Company, supra, a very correct statement of the law in such cases is also found. In disposing of a case similar to this one the court used this language: "A merchant is not an insurer of the safety of the patrons of his store while upon the premises. He is bound to exercise due care to protect them from accidents such as happened to the plaintiff, but no breach of that duty to this plaintiff is shown, in the absence of any evidence of notice to the defendant of the broken bottle and liquid on the floor, or that it had been there long enough to charge defendant with notice of its presence, and time to remove the liquid and broken glass, or otherwise safeguard those using the passageway"—citing many authorities.

We believe that the evidence in this case has been fully developed, and we are of the opinion that the application of the rules of law announced in the above authorities requires that the judgment of the trial court be reversed, and that judgment be here rendered in favor of the appellant.

For the reasons assigned, it is so ordered.

HICKMAN, C. J., not sitting.