### GREYHOUND LINES, INC v MARTIN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12859. Decided March 27, 1933

Squire, Sanders and Dempsey, Cleveland, for plaintiff in error.

Alfred C. Jones, Ceveland, and J. W. McCarron, Cleveland, for defendant in error.

McGILL, J.

In the case of **The Union News Company v Freeborn, 111 Oh St 105,** (1924) a woman entered the Union Depot in Cleveland, where she was transferring to another train and entered the restaurant of the defendant. She was directed where to go and in passing out of the restaurant slipped and fell, and was injured because soapy water had been placed on the floor previously oiled, after she had crossed the room and before she returned, and of which condition she had no knowledge.

In that case the defendant was held liable because the plaintiff was directed to pass over a portion of the floor which had been covered with soap and water, and the plaintiff was not warned or apprised of the dangerous condition created.

That case is readily distinguishable from the case at bar, for the reason that this plaintiff was not directed where to go, nor does this record show that the soapy water had not been mopped up and removed at the place where this plaintiff in error stepped.

In the case of **The S. S. Kresge Company v Fader, 116 Oh St 718,** (1927), the Supreme Court held in a case where rain water had blown into the store from outside, that there were no defects in the floor; no soap or soapy water on the floor, and no grease on the floor, and therefore no evidence in the case that The Kresge Company did anything, or omitted to do anything which storekeepers of ordinary care and prudence generally, under similar circumstances, omit to do or do for the protection of their patrons.

In the case of **Lowe v Hippodrome Inn Co., 30 Oh Ap 520,** (1928) **(6 Abs 641),** the plaintiff was injured when slipping on greasy steps leading to the cafeteria. It was held in that case that the plaintiff could not recover because she did not prove that the defendant knew the greasy substance was there, or ought to have known that it was there, or that sufficient time had elapsed to leave a logical inference and deduction in law, of knowledge that created liability.

In the case of **F. W. Woolworth v Smallwood, 26 Ohio Law Reporter, 474** (1928), the plaintiff entered a store in Canton and slipped and fell and was injured. Plaintiff claimed that the defendant negligently had saturated the floor with oil. Shields, J., at page 478, says:

"Negligence is a question of fact requiring proof and is not to be presumed, especially when it is expressly denied. Here there was no proof that the oil used, followed by a covering of Felspar, was not a proper method of cleaning said floor, or that said oil was not a proper substance for cleaning floors, or that the material used was not generally used for said purposes. The charge in the petition suggests that the floor was rendered dangerous by the application of oil in immoderate quantities, etc., but the answer to said charge is that the floor was simply wet by oil or water. Is this such a condition as would create a liability of plaintiff in error under the law?"

In the Woolworth case a verdict was recovered by the plaintiff, but the Court of Appeals reversed and remanded the case for further proceedings.

In the instant case the plaintiff looked at the floor and stepped across a wet strip to a place which, so far as the evidence shows, had been cleaned and was dry and the soap had been removed, and under these circumstances we do not believe that there was actionable negligence, whether the bus company owed the duty of ordinary care or the highest degree of care. The testimony does not prove the allegation of the petition that the soap had not been removed, and the plaintiff took notice of the condition of the floor before stepping across the wet strip.

Accordingly the judgment is reversed on the ground that the proof fails to show actionable negligence on the part of plaintiff in error and this cause is remanded for further proceedings according to law, to all of which defendant in error excepts. LIEGHLEY, PJ, and LEVINE, J, concur.