Edwin Drake, Cleveland, and John Ruffalo, Youngstown, for plaintiff in error.

William E. Pfau, Youngstown, for defendant in error.

## SURAN v LUSTIC SHOE STORE

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 7, 1933

had been placed upon or used in connection with the floor of the vestibule. It was evidently the theory of the trial court in directing the verdict that if there was a dangerous condition on the floor of the vestibule, as claimed, that there is no evidence in the case indicating that the defendant had knowledge thereof, either actual knowledge or that the condition had existed so long or under such circumstances that it might be reasonably presumed that knowledge of the dangerous condition, if such be the fact, existed for such a length of time as to remedy the condition.

Counsel for the defendant relies largely upon the case of **Kresge Company v Fader, 116 Oh St, 718,** and quotes as follows from the opinion of the court in this case:

"It is a fact known to all that many stores in all branches of trade have an inside door or passageway into the store, usually in the middle of the front. On each side of this passageway is a display window. The passage then extends back ten or twelve feet or more to the entrance door to the store. This passageway usually has a slight slope from the door to the sidewalk, at which line there is no door. This slope is to carry away the rain that may blow into the passageway. The passageway is in fact practically a part of the sidewalk, but at the same time it is within the front line of the store, and under control of the store. Would any one contend that, if a person walked into such passageway when it was raining, and there slipped and fell, he could recover damages because there was moisture on the floor of the passageway? Manifestly not. Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and everyone knows that a damp floor is likely to be a little more slippery than a dry floor. In this instance Mrs. Fader knew that her own shoes were wet when she went in there out of the rainstorm, and after walking on the wet sidewalk. Two of her companions who preceded her crossed the same wet spot as she did, and did not fall, and the one of them who testified in the case said that he did not turn and warn her about the wet spot, as there was nothing about it to indicate to him that it presented any danger— a very frank and a very natural statement.

Owners or lessees of stores, office buildings, banks, hotels, theaters, or other buildings where the public is invited to come on

ROBERTS, J.

As perhaps before suggested, there is nothing in this case to indicate that a foreign substance other than mere moisture

business or pleasure, are not insurers against all forms of accidents that may happen to any who come. Everybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise could be. The same thing is true in the hallways of all postoffices. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail.

It should be borne in mind that this accident did not happen in some dark walkway in the store where the shopper found it necessary to go. It occurred in broad day light, and there is no pretense that there was anything to prevent any shopper from seeing and knowing precisely what the conditions were."

Counsel for the defendant in error also quotes from Lowe v Hippodrome Inn Company, 30 Oh Ap, 520 (6 Abs 641; 27 OLR 557; 165 NE 749), as follows:

"The alleged negligence does not consist of a defect or a nuisance or anything of such a tangible nature that its duration could be defined or determined. A very fair deduction from the testimony is that the spot might have been an expectoration, something that could have occurred without any intervention or possibility of knowledge on the part of the defendant. In other words, its character, standing alone as it does, has no nexus with the restaurant itself, or its operation, and as reasonable an inference as any other is that its existence was due to an act wholly disconnected from the operation of the restaurant, and due solely to some cause foreign to the operation of the establishment."

If the contention of counsel for the plaintiff in this case should be recognized as a liability for damages as a result of injuries received under the conditions indicated by the evidence in this case, the result then would be of this court recognizing negligence the liability under general conditions substantially as follows: Most stores have vestibules extending from an outer door at the sidewalk to an inner door, usually slightly descending from the inner door to the outer door. Rain storms and snow storms occasionally and sometimes frequently occur, with the result that customers and others having occasion to visit such places of business enter the vestibule with more or less moisture upon their shoes, which to some extent is communicated to the floor, which naturally becomes somewhat moist, and presumably more slippery, and to some extent a greater danger is incurred of people thus passing through the vestibule receiving injury. However, this is a usual, ordinary, practically unavoidable condition. The danger of accident is exceedingly remote. The condition is perhaps not susceptible of actual removal, as the effect of drying the floor by wiping it would exist only for the few moments that would intervene before succeeding customers carried in more moisture and deposited it upon the floor from their shoes. This is a situation which has not received recognition as indicating negligence in the past and is expressly denied in Kresge Company v Fader, supra, which decision is recognized with approval in the case of Woolworth Company v Kinney, 121 Oh St, commencing on page 462, (7 Abs 572; Dig 8 Abs 162; 169 NE 562); and commented upon on page 464 of the opinion. Furthermore, it is not indicated by the evidence that the defendant knew or should be presumed to know that there was anything upon the floor of the vestibule aside from some moisture deposited there as before stated, or that the existence of this degree of moisture indicated a negligent condition in the operation of the store. There is nothing in the evidence to indicate that by washing the floor or otherwise soap or any other foreign substance had actually been deposited or left thereon. The evidence further more does not indicate actual notice of a dangerous condition or of such condition having existed such a length of time that the defendant might properly be charged with such notice, and in fact, as viewed by the court does not indicate such condition of the floor as would justify a conclusion that its condition was dangerous to the extent of creating liability therefor under the circumstances shown by the evidence in this case. It follows therefore that the judgment of the Court of Common Pleas should be and is affirmed.

FARR and POLLOCK, JJ, concur in the judgment.