## HAMMER v CINCINNATI REALTY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4672.   Decided Jan 14, 1935

Harry Neal Smith, Cincinnati, and Frank L. Leonard, Cincinnati, for plaintiff in error.

Cohen, Mack & Hurtig, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

From the evidence, it appears that the plaintiff in error entered the store of the defendant in error and was proceeding through the store when she slipped upon some "creamy substance," near one of the small tables placed at intervals throughout the store, at which customers were served with various forms of light refreshments, including a variety of ice creams, ices, and salads. There is not a scintilla of evidence in the case indicating how the substance came to be upon the floor, that any employee knew it was there, or that it had remained there sufficiently long to raise an inference that the proprietor or his employees should have in the exercise of ordinary care known it was there. There is no evidence that the substance was of the same nature as that sold in the shop. It may or may not have been. Under these circumstances, we incline to the holding in Lowe v Hippodrome Inn Co., 30 Oh Ap, 520, (6 Abs 641), where it is stated in the syllabi:

"1. Plaintiff, injured when slipping on greasy substance on landing of steps leading to cafeteria, could not recover for in-

juries sustained, where she did not prove that defendant knew greasy substance was there, or ought to have known that it was there, or that sufficient time had elapsed to leave logical inference and deduction in law of knowledge that created liability.

"2. To be liable in negligence, one must be guilty of something done or left undone, with knowledge, or what is legally tantamount to knowledge, of situation."

See also: **J. C. Penny Co. v Robison, 128 Oh St, 626,** (Ohio Bar Rep. 12/24/1934).

The case of **F. W. Woolworth Co. v Kinney, 121 Oh St, 462,** is cited by plaintiff in error in support of her claim that the case should have been submitted to the jury. In that case, the court states that there was evidence that a customer other than the plaintiff had fallen upon a similar substance at the same place a few days before. The decision in the Woolworth case was by a closely divided court.

Our conclusion is that the plaintiff in error failed to show a failure on the part of the proprietor of the shop to use the care which a reasonably prudent person would exercise under similar circumstances.

We, therefore, affirm the judgment.

HAMILTON, PJ, concurs.