## CLOKE v CONEY ISLAND, INC

Ohio Appeals, 1st Dist, Hamilton Co

No 5153.   Decided Jan 11, 1937

Joseph H. Woeste, Cincinnati, for appellant.

August A. Rendigs, Jr., Cincinnati, and Wm. H. Fry, Cincinnati, for appellee.

### OPINION

By TATGENHORST, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

Appellant alleges that on the 17th day of August, 1933, she purchased a ticket for passage on appellee's boat, which operates from Cincinnati to Coney Island on the Ohio River. She boarded the boat with her infant son and proceeded to the aft position of the main deck, secured a table and sat at it with her child. As the pleasure boat proceeded toward Coney Island and while sitting in a chair at the table she noticed a woman coming towards her holding a cup of coffee in her hand. It became apparent that this woman intended to pass to the rear of the appellant, who, fearing the woman was advancing too close to her chair, reached under her chair and pulled it forward, so that the woman could

pass. Appellant's chair rose from the floor of the boat, and as she was in the act of sitting down again, the chair slipped backwards. Appellant lost her balance, fell to the floor and received severe injuries.

Appellant alleges appellee was negligent in the following particulars:—

1. In providing chairs of that construction without skid preventative appliances on them.

(2) In constructing and maintaining smooth, sloping steel flooring, with projecting rivet heads.

(3) In permitting rain water to come in on the smooth, sloping steel flooring, of which appellee had actual or constructive knowledge.

Appellee admits appellant was injured while a passenger, but denies her injuries were caused in whole or in part by the negligence of the appellee, but were accidental.

The trial court instructed a verdict in favor of appellee. Appellant contends that this was error, as was also the exclusion of certain testimony offered by her of previous and similar accidents. The ▬▬▬▬▬ record does not show that a proffer was made of any accidents of the kind claimed in the petition and occurring at substantially the same place and under substantially the same conditions as those involved in this action, and caused by the same or similar danger.

Appellant proffered testimony of accidents which happened at other parts of the deck of this boat and under different circumstances and conditions from those alleged in the petition in the instant case. The testimony proffered of the other accidents applied to temporary conditions. Similar occurrences for certain purposes seem to be a salutary rule, ▬▬▬▬▬ when applied to defects in substantial structures, such as buildings, machines, sidewalks and streets, when there is a condition of permanence. This rule does not apply when a very temporary condition exists. **29 Ohio Jur., §182.**

Appellant contends the trial court erred in directing a verdict for the appellee. There is no evidence in the record that the chair in question was not properly constructed. The exhibits and records show it is a type of chair placed and used on decks of excursion river boats and universally used for that purpose. There is no testimony indicating that the care usually exercised by persons engaged in the same business as the appellee required the existence of any device attached to a chair which would have prevented it from slipping.

A passenger sitting two tables from appellant and facing her table testified he saw the accident. He stated that prior to it appellant on several occasions leaned backward and almost lost her balance. Appellant was in the act of arranging her lunch, sitting in a leaning position, when a child approached her, slapped her on the stomach, calling to her, wanting to attract her attention to a passing boat, which resulted in appellant falling backwards. This evidence was not contradicted.

No evidence was introduced reflecting upon the construction or maintenance of the deck and flooring of the boat. Appellee introduced evidence that the flooring of the boat was necessarily and properly constructed with a slight slope or camber on it; that this construction was in accordance with the most approved and safest method known to nautical builders of inland pleasure steamers. There was no evidence to rebut this.

The record shows there was a slight mist prior to the time the appellant was injured and that rain fell some time thereafter. There was no evidence that appellee had actual or constructive notice of permitting rain water to come in on the floor. The evidence does not show that appellee was guilty of something done or left undone with knowledge, or what is legally tantamount to knowledge of the conditions complained of. **Lowe v Hippodrome Inn Co., 30 Oh Ap 520, (6 Abs 641).**

There is no evidence in this case that the Coney Island Company did anything which pleasure boat owners of ordinary care and prudence generally, under similar circumstances, should not have done, or omitted to do anything which they should have done under such circumstances. **Kresge Co. v Fader, 116 Oh St 718.**

After considering every essential issue and giving the evidence such favorable consideration, reasonable minds ▬▬▬▬▬ can come to but one conclusion, and that conclusion is adverse to the appellant.

The court is of the opinion that the trial court did not err and its judgment is affirmed.

ROSS and HAMILTON, JJ, concur.