**SAFEWAY STORES, Inc., OF TEXAS
v. MILLER.**

**No. 1699.**

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1937.

Rehearing Denied Dec. 11, 1937.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Scarborough & Ely, of Abilene, for appellee.

LESLIE, Chief Justice.

J. F. Miller instituted this suit for damages alleged to have been occasioned by injuries sustained by his wife in slipping and falling when she stepped upon a banana which he alleged to have been negligently permitted by the defendant to be on the floor of its store where she had gone to purchase groceries. The defendant answered by general denial. A trial was had before the court and jury, and upon the latter's answer to special issues, a judgment was rendered for plaintiff. The defendant appeals. The parties will be referred to as in the trial court.

This judgment is attacked by five propositions of law, the first of which is to the effect that the trial court erred in overruling the defendant's motion for a peremptory instruction on the ground that the defendant was not shown by the testimony to be guilty of negligence. Four of the remaining propositions are, in effect, the same, but directed to specific issues 3, 4, 5, and 6. The remaining proposition raises the question that issue No. 4 commented on the weight of the evidence. The first point is controlling.

The defendant, Safeway Stores, Incorporated, operated a grocery store at Abilene, Texas. Its merchandise was placed along aisles in the building in order that customers might be able to pass in and out selecting the merchandise desired. On the

occasion of the accident the plaintiff's wife was a customer passing along an aisle in the store selecting articles which she desired to purchase. In doing so she is alleged to have stepped upon a banana or banana peeling and as a result thereof to have slipped and fallen upon the floor, producing the injuries complained of.

The specific ground of negligence charged to the defendant, in substance, is that it' permitted "the presence of said banana or part thereof on the floor" where the plaintiff was walking. The jury so found and that the same was the proximate cause of plaintiff's wife's injuries..

It is the theory of the plaintiff that the defendant's employee, who wrapped or delivered merchandise to customers and collected for the same, was standing in a position at the counter where he saw the banana on the floor, or by the exercise of ordinary care could have seen the same. These, in substance, are the circumstances by which the plaintiff seeks to establish the negligence of the defendant at the time and fix liability upon it.

We have carefully considered the testimony in any manner relating to the alleged negligence on the part of the defendant. After having done so, we at once reached the conclusion that there is no evidence that the defendant knew the banana or banana peeling was at the place where plaintiff's wife stepped upon it and fell, nor is there any testimony that the same lay at that point or in that position for such length of time that it was the duty of' the defendant, in the exercise of ordinary care, to know of its presence and remove it. In other words, the testimony does not show that the defendant had either actual or constructive notice of the presence on the floor of the banana, or part thereof, prior to the time the appellee's wife stepped on the same, slipped, and fell.

The case is controlled by the opinion in Great A. & P. Tea Co. v. Logan (Tex.Civ. App.) 33 S.W.2d 470, and the numerous authorities therein cited.

For aught that appears from the testimony in this case the banana, or part thereof, upon which plaintiff's wife stepped, may have been dropped there but a moment before by someone for whose conduct the defendant was not responsible. There is no evidence to show when or how the banana got on the floor. In the absence of testimony of negligence in the material respects pointed out, the presumption obtains that the defendant was using ordinary care in keeping its store safe for customers.

Other questions become immaterial.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.

### On Rehearing.

The appellee and the appellant have each filed a strong motion for rehearing in this cause, and we have carefully reconsidered the propositions presented by the appeal. We are still of the opinion that the testimony entirely fails to show that the defendant had either actual or constructive notice of the presence on the floor of the banana at any time prior to the time the appellee's wife stepped on the same and fell. There is no evidence to show when the banana got on the floor, nor how long it had been there. There is no testimony that its appearance or condition by reason of having been walked upon, mashed, etc., indicated or gave rise to any inference that the banana had been upon the floor any length of time, or such length of time as to charge the appellant with notice of its presence, thereby calling for removal of the same in the exercise of ordinary care to keep its premises safe. There is no evidence that the defendant's clerk in the discharge of his duties at any time looked, or had occasion to look, in the direction of the banana while it was on the floor.

Oral argument was permitted on the motions for rehearing herein, and the attorneys for appellee and appellant openly stated in their argument and agreed that if the judgment of the trial court be reversed then judgment should be rendered for appellant. This necessarily means, as is apparent from the record, that the case has been fully developed and that a remand of the case would serve no useful purpose. Upon that hypothesis we conclude that the judgment should be reversed and judgment here rendered for the appellant.

Therefore, the appellee's motion for rehearing is overruled and the appellant's motion for rehearing is granted.