**REDIC v. EAST TEXAS THEATRES,**
Inc., et al.

No. 5885.

Court of Civil Appeals of Texas. Texarkana.

Jan. 15, 1942.

Rehearing Denied Jan. 29, 1942.

594

McCall & Dawson, of Longview, for appellant.

Stinchcomb, Kenley & Sharp, of Longview, for appellees.

### WILLIAMS, Justice.

In response to special issues, the jury found that appellant, Pearlie Mae Redic, plaintiff below, sustained a bodily injury as a result of slipping on a banana peel on the stairway of the East Texas Theatres, Inc., defendant below; that it was thrown on the stairway by a patron of defendant; and that it was dropped or placed on the stairway by some third person. To No. 4, the jury found that defendant allowed a banana peel to be thrown on the stairway; and to Nos. 6 and 7, that this was negligence and a proximate cause of the injuries. In answer to issues Nos. 8, 9 and 10, the jury found that defendant "allowed a banana skin to remain upon its stairway," and this to be negligence and a proximate cause of the injury. Issue No. 24, to which the jury answered "Yes", reads: "Do you find from a preponderance of the evidence that defendant * * * its agents, servants or employees in the exercise of ordinary care could have known that said banana skin, if any, was on said stairway in sufficient time to have removed it before Pearlie Mae Redic stepped on it, if she did?" Defendant was exonerated of other alleged acts of negligence. Plaintiff was exonerated of alleged acts of contributory negligence. Damages were assessed.

Upon motion of defendant, the trial court rendered judgment non obstante veredicto for defendant, on the grounds, as expressed in the judgment, that the findings to issues Nos. 6, 7, 9, 10 and 24 have no support in the evidence. This action is assigned as error and is the only question presented by appellant in this appeal.

Defendant's theatre was equipped with a balcony which seated around 225. The balcony was used by its colored patrons. A stairway, consisting of 22 steps, led from the balcony to a ground entrance. The stairway was covered with a strip of carpet with a curved rubber pad or mat over the carpet on each step. A ticket-taker was stationed at the head of the stairway. Neither plaintiff nor defendant take issue with the jury's finding that the stairway was properly lighted at and prior to the time of the alleged accident. According to plaintiff's testimony, as she descended from the balcony, after she had witnessed the show on a paid admission, she stepped upon a banana peel on the second step from the top of the stairway, and this caused her to fall down the stairway. It is not contended that defendant's employees had actual knowledge of the presence of the banana peel upon the stairway. No one saw the peel upon the step. Plaintiff and her two witnesses claim to have seen the peel for the first time at the bottom of the stairway as it was being pulled off her shoe.

Appellant recognizes the rule applicable under this record that defendant is not liable unless the peel remained on the stairs for such a length of time that a person of ordinary prudence under the circumstances would have discovered and removed it. Plaintiff testified she smelled bananas in the balcony on the afternoon this accident occurred. Others testified that they had known of patrons on other occasions eating bananas, pop corn, and candy in the balcony. Patrons ascended and descended the stairway during this performance. Plaintiff testified: "Some more folks were coming down the stairs when this happened. I have not found out who these people were. They were not with me when I fell, they were clear down to the bottom of the steps. Jesse was behind me." From this the inference may be drawn that some patron seated in the balcony pitched the peel upon the steps, or a patron using the steps dropped the peel in passing. This may account for its presence on the steps. But vital to the inquiry here, this evidence does not disclose that the peel lay in that position for such a

length of time as to justify an inference that a failure to discover and remove the peel was due to a want of proper care on the part of the defendant or its employees. Plaintiff and her witnesses described the peel as being a fresh one; "looked like it had just been eaten." It may have been dropped there but a moment before by some third person for whose conduct the defendant was not responsible. There is no evidence when the peel got on the steps. The presumption prevails that the defendant used ordinary care for the safety of its patrons until or unless the contrary be shown by a complaining party. The action of the trial court is sustained. Safeway Stores, Inc., v. Miller, Tex.Civ.App., 110 S.W.2d 927; Montfort v. West Texas Hotel Co., Tex.Civ.App., 117 S.W.2d 811; Great Atlantic & Pacific Tea Co. v. Logan, Tex.Civ. App., 33 S.W.2d 470; Texas Consolidated Theatres v. Slaughter, Tex.Civ.App., 143 S. W.2d 659. We pretermit a discussion of appellee's cross-assignment of error.

The judgment is affirmed.