**CAMPBELL et ux. v. F. W. WOOLWORTH CO. (No. 3179.)**

Court of Civil Appeals of Texas. Amarillo. April 10, 1929.

Rehearing Denied May 8, 1929.

Charles Romick, of Dallas, for appellants. Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for appellee.

RANDOLPH, J. Travis Campbell and his wife brought this suit as plaintiffs against F. W. Woolworth Company, as defendant, to recover damages in the sum of $5,000 for injuries suffered by Mrs. Campbell. On trial of the case before a jury, after the plaintiffs had introduced their evidence, the trial court instructed the jury to return a verdict for the defendant and rendered judgment accordingly. The plaintiffs thereupon appealed from such judgment to this court.

The appellee excepts to the insufficiency of the appellants' assignments and asks that we do not consider them. The consideration of the assignments of error by us becomes immaterial for the reason that the action of the trial court, in instructing the jury to find a verdict for the defendant, is fundamental error if the evidence before the jury warranted the presentation of the issues raised thereby to them for their decision.

To authorize the giving of a peremptory instruction, the evidence must be such that no other verdict could have been rendered as a matter of law. If there is any evidence upon which a jury verdict to the contrary could be supported, the giving of such peremptory instruction is fundamental error. Lockney Farmers' Co-op. Soc. v. Egan (Tex. Civ. App.) 275 S. W. 732 (writ denied), and authorities therein cited.

Mrs. Campbell, the party who claimed to have been injured, testified substantially: That on the 7th of February, 1927, she was in and about the premises of the F. W. Woolworth store and was inside of the store. That she was there for the purpose of purchasing merchandise they had for sale. That the store is located at Elm and Stone streets, Dallas, Tex. That she knew it was F. W. Woolworth store because there were signs on the outside and inside the building that had on them the name F. W. Woolworth Company, and that F. W. Woolworth Company is printed on the paper sacks in which they place their merchandise. After the injury, she met Mr. Thatcher, the manager; she knew he was the manager because she asked for the manager and was told Mr. Thatcher was that person. That she had made purchases in the store before and that the merchandise she purchased was always wrapped in paper with the name "F. W. Woolworth Co." on it. That while she was in the store, she slipped on a greasy, slick place, and as she fell, she had to catch with

her hand, and cut her finger on one of the glass plates they have around the counter. One of the girls came and helped her up and insisted that she go upstairs and called a doctor to examine her finger. After she fell, they insisted on her going upstairs. She went upstairs into what she supposed was the lunch or rest room. The girls were eating their lunch up there, and she waited until Dr. Carter came and examined her finger. He said it was pretty well bunged up. It was hurting her pretty bad. The young lady who helped pick her up had on a badge pinned on her clothes, upon which was the name "Mrs. Hill." After she got to the rest room, Dr. Carter called to see her. She did not call Dr. Carter, but saw Dr. Carter again after that at his office in the Wilson Building. She later went to the Samuell Clinic about her finger. She went back to the Woolworth store after the day she was injured because her hand was still bothering and hurting her. She again saw the lady who picked her up the day she was injured in that store, and she was still wearing the badge with the name "Mrs. Hill" on it. She has seen her there most every time she goes into the store. She has seen this lady behind the counter in that store. She talked with the manager; that was some time after February 7, 1927. Mrs. Hill called Mr. Thatcher and told her he was the manager. He was a tall, slender man, dressed in a light grey suit and wore no hat. He came down from the balcony to speak to her. She saw Mr. Thatcher in the store where she was injured on a number of occasions prior to the date of her injury, and Mrs. Hill called him from the office to speak to her. When she saw Mr. Thatcher on other occasions, he would be going about the store casually. She saw him handle merchandise on the counter, but never saw him wait on any one, and has seen him in different parts of the store. She then testifies as to the treatment of the finger and the extent of the injury, and further that the entire floor was greasy and that there was a small puddle of oil where she slipped and fell. On a number of occasions she had observed a mop being used on the floor of the store. After her injury she had to employ a woman to do her housework for a period of 10 weeks, etc.

Mrs. L. M. Phillips, plaintiffs' witness, gave her substantial corroboration in the events that happened at the store.

These facts, under plaintiffs' petition, required the submission of the case to the jury for their findings on the various issues thus presented. The question of ownership or control of the building and business was sufficiently presented; the question of defendant's negligence was raised; the identity of the party whose negligence was alleged to have inflicted the injury was clearly present-

ed and the accident or injury was testified to. It was not necessary that the evidence should show these things conclusively. Texas Mfg. Co. v. Fitzgerald (Tex. Civ. App.) 176 S. W. 891; Western Union Telegraph Co. v. Brown (Tex. Civ. App.) 297 S. W. 267, 269; Edgeworth v. Wood, 58 N. J. Law, 463, 33 A. 940.

We therefore reverse the judgment of the trial court, and remand the cause for a trial on the merits.