**F. W. WOOLWORTH CO. v. GOLDSTON et ux.**

**No. 5339.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 20, 1941.

Rehearing Denied Nov. 17, 1941.

Thompson, Knight, Harris, Wright & Weisberg and James E. Henderson, all of Dallas, for appellant.

Warlick & Bunnenberg and Jesse Owens, all of Vernon, for appellees.

STOKES, Justice.

This suit was filed by appellees, Ed Goldston and his wife, Mae Goldston, against appellant, a private corporation, for damages alleged to have been suffered by Mrs. Goldston from a fall received by her in appellant's store at Vernon on the 23rd of December, 1939. They alleged that Mrs. Goldston entered the store for the purpose of purchasing some articles of merchandise and that after purchasing the same, and as she was in the act of departing, she slipped upon a banana peel which precipitated a fall from which she received serious personal injuries. Negligence was predicated upon the acts of the agents and employees of appellant (a) in allowing the banana peel to remain upon the floor, knowing the same to be there; (b) in allowing the peel to remain upon the floor for such length of time as that appellant, its agents, servants and employees should have known it was there; (c) in failing to sweep or clean the floor at frequent intervals, and (d) in failing to inspect the premises at frequent intervals to determine whether there was dangerous foreign substance upon the floor.

In submitting the case to the jury we assume, as stated by appellant in its brief which is not questioned by appellees, that appellees abandoned grounds (a) and (b) of their petition in which they alleged that appellant, its agents, servants and employees, knew the banana peel was on the floor, and the alternative that it remained there such a length of time as that they should have known of its presence on the floor. Only the other acts of alleged negligence were submitted, and in reply to special issues thereon the jury found that the employees of appellant failed to clean the floor at frequent intervals to safeguard its customers against foreign matter upon the floor; that they failed to inspect the premises at frequent intervals to determine if there was dangerous foreign substance upon the floor, and that each of these acts was negligence and a proximate cause of the personal injuries received by Mrs. Goldston and the damages resulting therefrom which they fixed at $750. The jury exonerated Mrs. Goldston from any acts of contributory negligence and found that the accident was not an unavoidable one.

Based upon the verdict of the jury, the court rendered judgment in favor of appellees and, its motion for a new trial being overruled, appellant perfected an appeal to this court.

At the close of the testimony appellant filed and urged a motion for an instructed verdict which was overruled by the court, and this ruling constitutes the principal contention, and we think is the controlling issue, presented by the briefs. It was not shown by the testimony how the banana peel happened to be on the floor nor did any witness attempt to detail the circumstances under which it was placed there. It was not shown that any of the employees of the store threw or dropped it on the floor, nor was it shown how long it had been there nor that any of the employees or agents of appellant knew it was there. No witness seemed to know anything whatever about it except that Mrs. Goldston stepped upon it and slipped and fell. Mrs. Goldston testified that there was an aisle leading up to the hardware counter where she purchased the article of merchandise and that she had gone up the aisle on her way to the counter. It was when she turned and started from the counter that she stepped upon the banana peel. She testified, on cross-examination, that when she approached the counter she looked where she was walking and that she did not see the banana peel. She purchased only one article of merchandise and in all probability did not remain at the counter very long. At any rate, her testimony is the only evidence in the record which throws any light whatever upon the length of time the banana peel had remained upon the floor.

██ Regardless of the fundamental principles of law upon which it may be based, the rule is now firmly established in this state, as well as many other juris-

dictions in this country, that, in cases like this, negligence must be predicated upon the existence of the dangerous condition being actually known to the merchant or shopkeeper or upon the existence of such condition for such a length of time as that the failure to discover it and eliminate it raises an issue of negligence. Lone Star Gas Co. v. Ballard, Tex.Civ.App., 138 S.W.2d 633; Great Atlantic & Pacific T. Co. v. Logan, Tex.Civ.App., 33 S.W.2d 470; Safeway Stores v. Miller, Tex.Civ. App., 110 S.W.2d 927; Worth Food Markets v. Le Baume, Tex. Civ.App., 112 S.W.2d 1089; Graham v. F. W. Woolworth Co., Tex.Civ.App., 277 S.W. 223.

In the late case of Lone Star Gas Company v. Ballard, supra [138 S.W.2d 635], Justice Brown, speaking for the Court of Civil Appeals of the Second District, said: "We are convinced that appellee in this suit could only recover by proving that the meter box top had been off for such a length of time that the defendant ought, by the exercise of ordinary care, to have known of this fact, and ought to have remedied it." This succinct statement embodies the law of this state as announced in numerous decisions of the courts and is the only ground upon which a recovery can be had in cases of this sort where it is not shown that the dangerous instrumentality or condition was created by the person sought to be charged with injuries resulting therefrom. The Supreme Court refused a writ of error in that case and we know of no rule of law that is better established in this state.

Appellees in their brief admit that our courts have so held in many cases but they say that this court has held otherwise in the case of Campbell v. F. W. Woolworth Co., 16 S.W.2d 907. In view of the insistence of appellees that our holding in the Campbell case is at variance with the holdings of other courts on the identical question, we have carefully considered the opinion and also the statement of facts contained in the record of that case. We do not agree with appellees that our holding there conflicts in any respect with the holdings of the other Texas courts on the question. Mrs. Campbell entered the store of Woolworth Company at Dallas and slipped and fell, the fall resulting in injuries, to recover damages for which the suit was filed. The evidence showed that her foot slipped when she stepped in a small puddle of oil and she testified that the entire floor was greasy. She said furthermore that on a number of occasions she had observed a mop being used on the floor of the store. The opinion states that Mrs. L. M. Phillips gave substantial corroboration in the events that happened at the store and the statement of facts reveals that Mrs. Phillips also testified that the floor was oily. She said that she noticed the floor in other parts of the store and that, up close to the counter, it was slicker than it was in the center of the floor and that she had seen a porter run a mop over the floor of the store on numerous occasions prior to the time when Mrs. Campbell received her injury. This court held merely that these facts required the submission of the case to the jury because the question of defendant's negligence was raised and we have no doubt that the holding was correct. The trial court had instructed the jury in that case to return a verdict in favor of the defendant and the case was reversed because this court was of the opinion that the facts proven raised the issue of whether or not the agents and servants of the defendant had placed the oil on the floor and, of course, knew it was there. No such condition is shown by the record in the case now before us and, under the well established rule in such cases, as revealed by the opinions in those above cited and many others, we must conclude that, in this case, the court erred in overruling appellant's motion for a peremptory instruction.

Appellees contend that inasmuch as they alleged and proved, and the jury found, that appellant negligently failed to sweep or clean the floor at frequent intervals and failed to inspect the premises at frequent intervals to determine if there was dangerous foreign substance upon it and that, as a result of such failure, Mrs. Goldston was injured, the trial court properly denied appellant's motion for an instructed verdict. We cannot agree with appellees in this contention. Conceding there was any evidence upon which the jury was warranted in making these findings, which is open to serious doubt, it is not shown nor even intimated in the testimony that such sweeping, cleaning or inspection of the floor would have revealed the presence of the banana peel thereon. Mrs. Goldston was not injured because of the failure of appellant to sweep, clean or inspect its floor. Her injury resulted from the slipping of

her foot when she stepped upon the banana peel and the presence of the banana peel, not the failure to sweep, clean or inspect the floor, was the proximate cause of her injury. Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Union Stock Yards v. Peeler, Tex.Com.App., 37 S.W.2d 126; San Antonio & A. P. R. Co. v. Behne, Tex.Com.App., 231 S.W. 354; Franklin v. Houston Electric Co., Tex.Civ.App., 286 S.W. 578.

Appellant's contention here involves merely another method of approaching the condition laid down by the courts upon which the plaintiff in such cases may recover, that is, it must be shown that the banana peel was either placed upon the floor by the employees or agents of the defendant, or that they knew it was there, or that it had remained there a sufficient length of time that the defendant, its agents, servants or employees, by the exercise of ordinary care, would have discovered the fact that it was there. Unless the sweeping and inspection of the floor would have revealed the presence of the banana peel, testimony in regard to that matter was immaterial. The mere matter of whether appellant was a tidy or a sloven housekeeper was no concern of appellees. We know of no way by which the plaintiff in such cases, can relieve himself of the burden of proving one or the other of the essentials mentioned and, since neither of them was established nor even attempted to be proved, the court below, in our opinion, erred in overruling appellant's motion for a peremptory instruction.

Appellees make the further contention that the court would not have been warranted in giving the peremptory instruction requested by appellant because Bernice Goldston, their daughter, testified that, after the accident, Mr. Wheeler, the manager of appellant's store, in a conversation which arose through his inquiry as to her mother's condition, stated to her that the banana peel was on the floor through neglect; that they were busy and should have had the floor cleaned. Another witness, Mrs. W. W. Johnson, introduced by appellees, testified to a conversation she had with Mr. Wheeler concerning the same matter. She said that Wheeler told her they generally tried to keep everything off of the floor, but the incident happened during Christmas time and they were very busy, the store was crowded with people and he guessed they didn't see the banana

peel on the floor. Appellees contend that this testimony was an admission by the agent of appellant that the employees in the store were guilty of negligence which resulted in the injury to Mrs. Goldston.

The conversations occurred several weeks after the accident and injury and were not a part of the res gestae. Justice Brown, speaking for the Supreme Court in the case of Waggoner v. Snody, 98 Tex. 512, 85 S.W. 1134, 1135, said: "To render the declarations of an agent admissible against the principal, such declarations must have been made concerning an act within the scope of the authority of the agent, and at the time the act was being performed by the agent. If the declaration be made before or after the act was done, it is not a part of the res gestae, and therefore not admissible. Mechem on Agencies, § 714; [San Antonio & A. P.] Railway Company v. Robinson, 73 Tex. [277], 287, 11 S.W. 327." See also Missouri Pac. R. Co. v. Sherwood, 84 Tex. 125, 19 S.W. 455, 17 L.R.A. 643; Liner v. United States Torpedo Co., Tex.Com. App., 16 S.W.2d 519; Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197; Lewis v. J. P. Word Transfer Co., Tex.Civ.App., 119 S.W.2d 106.

Moreover, the testimony, even if it had been of such a nature as to bind appellant, was without probative force in so far as the substantial features of the case are concerned. It is manifest that the statements referred to the failure of the employees to sweep the floor of the store and there is nothing in them to indicate that, if the floor had been swept, the banana peel would have been discovered. It will be noted, also, that, in his statement to Mrs. Johnson, the manager referred to the rush in the store and said he "guessed they didn't see the banana peel on the floor." We find nothing in this contention which would justify the application to this case of a rule different from that which has consistently been applied to similar cases by our courts.

From what we have said it follows that, in our opinion, the court below was in error in refusing to give to the jury the peremptory instruction requested by appellant, for which the judgment will have to be reversed. The case seems to have been fully developed and we conceive of no benefit that could accrue to any of the parties by another trial. Judgment will, therefore, be

here rendered that appellees take nothing by their suit.

### On Motion for Rehearing.

In the written argument filed in connection with their motion for rehearing, counsel for appellees assert that we erred in holding the statements of Mr. Wheeler, the local agent of appellant at Vernon, which statements were detailed by Miss Bernice Goldston and Mrs. Johnson, were of no probative force and were incompetent to bind appellant and establish negligence on its part which proximately caused the accident and injury to Mrs. Goldston. They call our attention to the fact that the testimony was admitted without objection and, therefore, they assert, the trial court was without authority to grant appellant's motion for a peremptory instruction.

It is true that the testimony was admitted without objection of appellant; but that makes no difference as to its incompetency and lack of probative force. Conceding that the statements were true and that they were of such a nature as that they would have proved negligence, the latter of which, as we have said, is open to serious doubt, still they were incompetent as evidence against appellant because they were made under circumstances which clearly show the agent was not acting within the scope of his authority or employment when he made them. They were purely voluntary and were made in a casual conversation which took place several weeks after the accident in which Mrs. Goldston received her injury. He was not in the line of his duty at the time, but was away from his place of business, visiting with Miss Goldston in another store where she was employed and where he had gone for the purpose merely of ascertaining her mother's condition. In passing upon this identical question, Judge Gallagher, in Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197, 201, an opinion that was specifically approved by the Supreme Court, said: "Evidence in itself wholly incompetent, and therefore without probative force, gains no vitality because admitted without objection. It will not support a verdict by a jury or a finding of fact by a court." In Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, 537, the Supreme Court, in a similar case, announced the rule to be such as we have held that it is and in both of those cases long lists

of authorities are cited which support the holding.

A reconsideration of the entire record and the authorities has confirmed our original conclusions and the motion for rehearing will be overruled.