## HOLLINGSWORTH v. AMERICAN TRADING CO., Inc.

### No. 13104.

Court of Civil Appeals of Texas. Dallas.

Nov. 21, 1941.

D. A. Frank and D. A. Frank, Jr., both of Dallas, for appellant.

W. F. Bane, of Dallas, for appellee.

LOONEY, Justice.

Mrs. B. F. Hollingsworth sued the American Trading Company, Inc., to recover damages for personal injuries received from a fall in the doorway of the defendant's grocery store, in the City of Dallas, breaking her kneecap. The fall was alleged to have been caused by stepping upon a slippery substance, having the appearance of a quid of tobacco, spat upon the floor by some person, and, by the defendant, negligently permitted to remain as a menace to its customers. At the conclusion of the evidence, the court instructed a verdict for the defendant and, accordingly, judgment was rendered, from which plaintiff appealed.

The action of the court in instructing the verdict forms the basis for assignments, seeking reversal on the ground that, under the evidence most favorable to plaintiff, an issue of fact was raised as to defendant's negligence, that should have been submitted

to the jury. Plaintiff testified that she had been a customer of defendant's store for several years, and, on the occasion in question, after making certain purchases, was preparing to leave; said: "When I got up to the door, I just put my foot inside the door to step out and my foot slipped and I went down the incline and rolled over, and my feet were doubled up under me and I broke my leg. Just before I fell, I did not see anything there on the floor. I didn't notice the floor * * *. I was looking on the outside. I saw something in the door. It looked like tobacco spit. It was wet. It was about the center of the doorway, because I fell right there. It was on the floor of the store, about two or three inches from the top of the incline. I never thought about looking to see what I had slipped on. I saw this tobacco juice when I walked up to the front door to go out, just as I put my foot down. I looked down after my foot started slipping. After I fell I did not see that substance again. I was taken right away. I had stepped into this substance before I noticed it. My impression now is it was tobacco juice. Looked like somebody had just spit tobacco juice. I don't know who did that. It wasn't dry. I don't know how long it had been there." There was also evidence to the effect that the place where plaintiff fell was between seven and ten feet from a U-shaped checking counter, behind which, at the time, the manager of the store and two clerks were standing, serving customers, and could have seen the floor between them and the door, as there was no obstruction between them and the place where plaintiff fell; but there was no evidence that either saw it, or showing who spat the tobacco on the floor, or how long it had remained before plaintiff stepped upon it and fell.

■■■■ The above constitutes all the material evidence bearing upon the issue of defendant's negligence. Assuming that the presence of the quid of tobacco upon the floor, as testified to by the plaintiff, constituted a menace to defendant's customers coming in and going out of the store, yet, there was no evidence showing, or tending to show, when or by whom the tobac-co was spat upon the floor; although the manager and two clerks, at work behind the counter, were close enough to have observed it, there was no evidence that, in fact, they had observed it before the accident occurred. The object must have been rather inconspicuous, in view of plaintiff's testimony that she did not observe it until after she felt her foot slipping. The facts of the case are so similar to those involved in Worth Food Markets, Inc., v. Le Baume, Tex.Civ.App., 112 S.W.2d 1089, 1090, by the Fort Worth Court (application for writ dismissed), that, in our opinion, the doctrine there announced rules this case. Speaking for the Court and quoting pertinent authorities, among other things, Judge Brown said: "We find this statement (45 C.J. 837) concerning the liability of the keeper of premises to an invitee: 'In order to impose liability for injuries to an invitee by reason of the dangerous condition of the premises, the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it.' The law does not impose upon a merchant the duty of being an insurer of the safety of his patrons while on the premises; his duty is to exercise ordinary care to protect them from accident and injury. But such a duty arises only when the dangerous thing, or condition, is known to the merchant, or when it is shown to have openly existed for such a length of time as that a person of ordinary prudence would have discovered it and removed the danger. Graham v. F. W. Woolworth Co., Tex.Civ.App., 277 S.W. 223, writ dismissed; Great Atlantic & Pacific Tea Co. v. Logan, Tex.Civ.App., 33 S.W.2d 470."

The evidence, in our opinion, was insufficient to raise the issue of liability, as there was no evidence that either of the agents or employes of the defendant had knowledge of the presence of the tobacco juice on the floor, or that it had remained for such a length of time that it became their duty to discover and remove it. We are of opinion, therefore, that the court below correctly directed a verdict for the defendant, hence its judgment is affirmed.

Affirmed.