**DEL CAMINO COURTS, INCORPORATED,**
a corporation, Appellant,

v.

**Mynn S. CURTICE, a feme sole, Appellee.**

**No. 5315.**

Court of Civil Appeals of Texas.

El Paso.

April 1, 1959.

Rehearing Denied April 22, 1959.

**356**

Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

James Irion, Duane O. Juvrud, El Paso, for appellee.

LANGDON, Chief Justice.

This is an appeal from the District Court of El Paso County, wherein appellee, Mynn S. Curtice, as plaintiff in the court below, brought suit against appellant, Del Camino Courts, Incorporated, a corporation, defendant below, for damages resulting from a fall sustained by Mrs. Curtice while a business guest in the restaurant operated by appellant.

Appellant moved for directed verdict at the close of plaintiff's case and again at the conclusion of the entire case. It also moved for judgment non obstante veredicto after the verdict, or, in the alternative only, for a new trial. The court overruled each of the motions and defendant appellant appeals. Appellant's attack on the sufficiency of the evidence to support the verdict has been properly preserved and will be considered by us on this appeal.

The case made out by plaintiff is substantially as follows: During the noon hour of May 24, 1957, the plaintiff, Mrs. Curtice, and her friend, Mrs. Williams, went to the Del Camino restaurant, operated by defendant, for lunch and to celebrate the occasion of Mrs. Curtice's seventy-fifth birthday. The Del Camino restaurant consists of several dining rooms, only one of which —the Terrace Room, or banquet room— had its own private restroom facilities. The other dining rooms, including the Garden Room, in which plaintiff dined on the occasion in question, apparently depend upon the designated public restrooms located inside, but near, the main entrance of the restaurant, for the convenience of its patrons. After eating, Mrs. Curtice and her friend, Mrs. Williams, started to the ladies' restroom located off the Terrace, or banquet, room. Mrs. Williams, on another occasion, had attended a dinner party in the Terrace Room and knew of the existence of the restroom facilities located there. The Terrace, or large banquet room, is located adjacent to the Garden Room, its floor was of parquet hardwood, and was cus-

tomarily waxed three times a week with a paste-type wax. It had been used the night before to serve a Junior Chamber of Commerce party, and had been swept on. the morning of the day in question, but the floor had not been waxed since some time prior to, the party the night before, nor had the Terrace Room been used for the purpose of serving meals prior to the accident on the date in question. However, the doors to this room were open, and access to the room was available to others to the same extent that it was to plaintiff and Mrs. Williams. Mrs. Curtice slipped and fell, injuring her left hip, while crossing the parquet wooden floor of the Terrace Room enroute to the ladies' restroom. She was assisted to her feet by her friend, Mrs. Williams and by an unidentified waitress, and continued on her way to the ladies' restroom, where she and Mrs. Williams remained for ten or fifteen minutes. On leaving the restroom Mrs. Williams noticed a big spot on Mrs. Curtice's dress on the side of her hip that she fell on. There was no witness who testified to seeing anything on the floor prior to Mrs. Curtice's fall, and only the witness Mrs. Williams testified to seeing anything on the floor after the fall. On cross-examination Mrs. Williams testified:

"Q. Now, then, let's describe, what you saw on the floor. Was it shiny or was it dull? A. It looked kind of clear. I'll tell you the truth, I don't remember whether it was shiny or not. I just saw something.

"Q. Did you reach down and touch it? A. No I didn't.

"Q. Do you know whether it was liquid or wax, or anything of that nature? A. No, I don't. I couldn't swear to save my life.

"Q. What kind of floor was it, Mrs. Williams? A. I don't know whether it was tile or hardwood. I didn't pay that much attention to it. I couldn't swear to that to save my soul."

In addition to the direct testimony of the witness Mrs. Williams as to the presence of a, foreign substance upon the floor, plaintiff relies on the fact that, after her fall, a large spot or, stain was discovered on Mrs. Curtice's dress over the area of her left hip on which she fell. The spot was first observed by Mrs. Williams as she and the plaintiff were leaving the ladies' restroom some ten or fifteen minutes after the accident. She testified as follows, on cross-examination:

"Q. Was it a very pronounced spot? A. Yes. It looked like grease —you know—like you might get when you get something on your clothes, but I don't know whether wax could do that or not. I don't know."

Mrs. Curtice testified that she saw the spot on her dress after she got home and that she thought it was wax. No analysis was made to determine the nature of the foreign substance on the dress and, at the time of trial, the dress had been cleaned and was not available for examination. Mrs. Curtice saw a doctor the morning after the accident and was given shots and some medicine to relieve the pain. Later, she had an X-ray at the Medical Arts Center and thereafter consulted Dr. Rogers. She spent most of her time in bed for about thirty days and suffered from pain. Thereafter, she assumed only part of her normal household duties and activities and had to rest more than she did, prior to her fall. Neither of the doctors were called to testify. The witness Calvin G. Adams, manager of the restaurant for defendant corporation, testified that he checked everything routinely each day when he came on duty at nine A.M.; that he had checked the Terrace Room at least two or three times that morning prior to the accident, and that he had personally checked the room again after the accident was reported to him by Mrs. Curtice or Mrs. Williams, and that he had found nothing on the floor.

The only claim of negligence upon which this case was submitted to the jury was

that there was a splotch of slippery, waxy-like substance at the place where the plaintiff fell. No claim is based upon any defect in the floor, the lighting of the room, or other defects. The case was submitted by the trial judge to the jury on nine special issues, and, based upon the jury's answers thereto, the court rendered judgment against defendant-appellant for $3,000.

A recitation of the above facts indicates that there are two main questions raised: Is the evidence sufficient to take the case to the jury? And, if so, was the case properly submitted to the jury?

Plaintiff pleads that defendant negligently "allowed" slippery substance to get upon the floor and remain upon the floor of its establishment, but does not allege or plead that the defendant either put or placed the foreign substance on the floor. There is substantial disagreement between the parties as to the standard of proof required to establish defendant's liability when injury is caused by a foreign substance upon the floor.

We believe that, under the law of this State, in order to establish liability against the defendant-restaurant, it is necessary to show:

1. That the defendant put the foreign substance upon the floor; or

2. That the defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it; or

3. That the foreign substance had been upon the floor for such a period of time that it should have been discovered and removed by defendant, had he exercised ordinary care. F. W. Woolworth Co. v. Goldston, Tex.Civ. App., 155 S.W.2d 830; H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501; J. C. Penney Co. v. Norris, 5 Cir., 250 F.2d 385.

From the manner in which the case was submitted to the jury, we assume that appellee abandoned the grounds plead in her petition wherein she alleged, (a) that the foreign substance had remained on the floor for a sufficient length of time that defendant knew, or in the exercise of ordinary care should have known, that such substance was on the floor; (b) that defendant failed to inspect the floors at proper intervals; (c) that defendant failed to remove the foreign substance; (d) that defendant failed to isolate the area surrounding the foreign substance; and (e) that defendant failed to warn plaintiff that the slippery substance was on the floor. The case as submitted charged defendant with only a single act of negligence, to-wit: That defendant, its agents, servants, and employees "allowed said slippery substance to get upon the floor and remain upon the floor of its establishment * * *", the issue being submitted by the trial court in the following form:

"Question No. 3

"Do you find from a preponderance of the evidence that the Defendant, Del Camino Courts, its agents or employees caused said splotch of slippery waxy-like substance to exist, if you found that it did exist? Answer: 'Yes' or 'No.'

"We Answer: Yes.

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer the following question:

"Question No. 4

"Do you find from a preponderance of the evidence that the Defendant, Del Camino Courts, its agents or employees was negligent in causing a splotch of slippery waxy-like substance to exist, if you have found that it did exist? Answer: 'Yes' or 'No.'

"We Answer: Yes.

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer the following question:

"Question No. 5

"Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the Plaintiff's, Mynn S. Curtice, fall and any of the injuries alleged by her in her petition. Answer: 'Yes' or 'No.'

"We Answer: Yes."

While no doubt it is true that if it can be established that defendant, its agents, servants and employees, put the slippery substance upon the floor, it can be said that defendant "allowed" it to get on the floor. It does not follow, however, that if defendant allowed the substance to get on the floor, it was put there by defendant, its agents, servants and employees.

■ After a careful consideration of the evidence, we are of the opinion that plaintiff failed to discharge the burden of proof by showing a causal connection between the condition of the floor as it existed at the time of the fall, and some act of negligence on the part of defendant. Therefore, in the absence of a showing that defendant put the substance on the floor, or knew it was there and negligently failed to remove it, or that it had been on the floor for such a length of time that, in the exercise of ordinary care, he should have become aware of it and removed it, a finding by the jury that defendant "caused it to exist" cannot be sustained. Houston Fire & Casualty Ins. Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442; Davis v. Castile, Tex. Civ.App., 257 S.W. 870; Vol. 30–B Tex. Jur. 268–270 and related topics.

We believe the principles as announced in the foregoing case of Houston Fire & Casualty Insurance Co. v. Biber are applicable here (146 S.W.2d 442, at page 446), where it is said:

"Where the evidence shows that a particular result may possibly have occurred by reason of several different causes, and it is not more reasonably probable that one of the causes was operative rather than the others, a finding of causal relationship between the result and a particular cause cannot be sustained. Davis v. Castile, Tex.Com. App., 257 S.W. 870."

In the case at bar, the evidence does not exclude the equally reasonable probability that the foreign substance got upon the floor as the result of the actions of someone other than defendant, its agents, servants and employees. Plaintiff's witness, Mrs. Williams, having testified on direct examination as follows:

"By Mr. Irion:

"Q. Now, was that room where she fell opened or closed? A. Oh, it was open; two big double doors wide open."

■ The burden is upon the plaintiff to prove one of the three theories of recovery (supra) under which a shopkeeper may be liable to a party injured in a fall such as occurred in this case. While the proof required to sustain this burden may be adduced from circumstantial, as well as direct, evidence, negligence must be proved; it will not be presumed. Henderson v. Pipkin Grocery Co., Tex.Civ.App., 268 S.W. 2d 703; Fort Worth Belt R. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130; Republic Underwriters v. Greenhaw, Tex.Civ.App., 114 S.W.2d 362; Texas Indemnity Ins. Co. v. Staggs, Tex.Civ.App., 138 S.W.2d 174.

In New St. Anthony Hotel Co. v. Pryor, Tex.Civ.App., 132 S.W.2d 620, a slip and fall case, cited by appellee, the trial court submitted issues in substantially the same language as was used by the court below in this case. In the Hotel case, however, plaintiff plead that defendant had negligently polished said floor; negligently applied (put) wax upon the floor and negligently polished said floor with wax or slippery substance in such a way as to "cause" the floor to be slick and slippery, thus directly charging the defendant with having put (applied) the substance on the floor in such a manner as to cause the floor to be slick and slippery. In the case at bar, plain-

tiff does not charge defendant with having put the foreign substance upon the floor; it is charged, only, with having "allowed" it to get upon the floor.

The Hotel case was reversed on other grounds, and the appellate court did not specifically pass upon the question of whether that case had been properly submitted to the jury, nor is it necessary for us to do so here.

It is our duty to reverse this case because of the insufficiency of the evidence in the respects heretofore mentioned. The case must be either remanded or here rendered for defendant. It appears to us that the case has not been fully developed upon the trial, and we believe that justice will be better served by a remand of the case.

Therefore, the judgment of the trial court is reversed, and the cause is remanded.

FRASER, J., not sitting.