**Mrs. Robbie D. SHERWOOD, a Widow, Appellant,**

*v.*

**MEDICAL & SURGICAL GROUP, INC., a Corporation, Appellee.**

No. 3730.

Court of Civil Appeals of Texas.

Waco.

April 14, 1960.

Rehearing Denied April 28, 1960.

Henry W. Flagg, Galveston, for appellant.

McLeod, Mills, Shirley & Alexander, Galveston, Fulbright, Crooker, Freeman, Bates & Jaworski, W. N. Arnold, Jr., Houston, for appellee.

WILSON, Justice.

The trial court withdrew this "slip and fall" case from the jury at the close of plaintiff's evidence, and rendered judgment for defendant. Plaintiff says this was error because the evidence raised a jury issue. The real question is whether the evidence, under familiar rules, raised any of the pleaded alternative issues that defendant put the foreign substance on which plaintiff slipped on the floor; or knew that it was on the floor, negligently failing to remove it; or that it had been on the floor long enough that it should have been dis-

covered and removed in the exercise of ordinary care.

Appellant's narration of the evidence in her brief is summarized as follows: she slipped and fell in offices which were cleaned daily. It was not known what was used in cleaning the floors. She entered defendant's premises wearing low wedge-heeled shoes, and prior to her fall did not observe any foreign substance on the floor. She was "not especially looking down at the floor." As she walked through the reception hall about two feet from the receptionist's desk, she "stepped in something real slippery" and fell. After receiving attention from doctors she came back to the place where she had fallen and noticed "smudge spots and smear spots, this way and that way. You could see where my foot had slid through this stuff on the floor * * * it was loose. What I would call it—it was either a floor dressing of some kind—it wasn't buffed down or polished good." After she got home she noticed there was a dry substance around a hole in her hose at the knee. "When I did it this way and looked at it, it was sparkly." The same substance was smeared on her hand, arm, knee and cheek. A witness who removed this substance two days later identified it as being floor wax or floor polish. Another witness testified that a "sticky substance" was noticed on plaintiff after she returned to her home, which looked like floor wax. This was "just a guess" on her part. We have examined the record and find no additional favorable evidence or material circumstances.

 Appellant concedes there is no direct evidence as to who put the slippery substance on the floor, or how long it had been there. There is no evidence defendant caused the floor to be waxed or polished, or that it had used any substance on the floor. There is no evidence of actual or constructive knowledge of the presence of a foreign substance. We think the court's determination should be sustained. Rogers v. Collier, Tex.Civ.App., 223 S.W.

2d 560, 563, writ ref.; Del Camino Courts, Inc. v. Curtice, Tex.Civ.App., 323 S.W.2d 355, no writ hist.; Dill v. Holt's Sporting Goods Store, Tex.Civ.App., 323 S.W.2d 644, no rehearing; Henderson v. Pipkin Gro. Co., Tex.Civ.App., 268 S.W.2d 703, writ dis.; Springall v. Fredericksburg Hospital and Clinic, Tex.Civ.App., 225 S.W. 2d 232, 235, no writ hist.

 Appellant complains of exclusion of her answer to a question in which she stated the substance she found on her stocking was floor wax. The same evidence from other sources was admitted. No reversible error is presented. 4 Tex. Jur.2d p. 578. The judgment is affirmed.