**H. E. BUTT GROCERY COMPANY,**
Appellant,

v.

**B. W. KIRKWOOD et ux., Appellees.**

No. 82.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 3, 1964.

W. N. Woolsey of Lewright, Dyer & Redford, Corpus Christi, for appellant.

Robert J. Seerden, Victoria, for appellees.

SHARPE, Justice.

This is an appeal from a judgment overruling appellant's plea of privilege. The parties will sometimes be referred to as in the trial court, i. e., Mrs. Ora Kirkwood, joined by her husband, as plaintiff, and H. E. Butt Grocery Company, a corporation, as defendant.

This is a "slip and fall" case in which plaintiff seeks damages for injuries allegedly sustained on January 17, 1963, when she stepped in a puddle of water on the floor and fell in one of defendant's grocery stores located in Victoria, Texas. Plaintiff relies upon exceptions 9a and 23 of Article 1995, Vernon's Ann.Tex.St., to maintain venue in Victoria County, Texas. Appellant, by two points of error, contends in substance that plaintiff failed to prove a cause of action required by each of such exceptions, consisting of the factual propositions which established the plaintiff's primary right, the defendant's duty (often called the genesis of the right), and the defendant's act or omission which violates such right. Appellant particularly says there is no breach of duty established against it here because the evidence did not show by a preponderance thereof that (1) appellant put water on the floor, or (2) appellant knew, prior to the accident in question, that the water was on the floor, or (3) that the water had been upon the floor for such period of time that appellant, acting as a reasonably prudent person in the exercise of ordinary care, should have discovered it.

We agree with appellant that there was a failure to establish a cause of action for venue purposes and that the judgment should be reversed for the reasons hereafter given.

At the hearing on the plea of privilege only two witnesses testified, Mr. Wesley Lott, manager of defendant's store, and Mrs. Ora Kirkwood, plaintiff. Mr. Lott did not witness the accident but came on the scene upon being advised of it. He testified that vegetables to be sold in the store are washed in the morning and are taken to and placed in the produce section where the accident occurred; that this is the only time that such vegetables are washed and that thereafter during the day they are moistened on the racks rather

than elsewhere. His testimony varied as to whether the vegetables were dripping water when they were put out during the day. Lott further testified as to his duties and those of other supervisory personnel located and living in Victoria County, Texas. He was not asked any questions nor did he give testimony as to how or in what way the puddle of water could have accumulated at the place where the plaintiff fell.

Mrs. Ora Kirkwood testified that she had been shopping in the store for about 45 to 50 minutes in the late afternoon on the occasion in question prior to the accident; that as she started to leave she remembered that she had forgotten some greens, left her cart, and began walking toward where the greens were located when her feet went out from under her; she then determined that she had slipped in a puddle of water which was about 18 inches in diameter. Mrs. Kirkwood further testified that if the floor had been a darker color it would have been easier to see if it was wet; that no one sacked greens or vegetables or mopped the floor prior to the fall; that there were no mats or anything of that sort on the floor; that she did not see the water before she fell. On cross-examination Mrs. Kirkwood answered "Yes" to the question "—I am asking you now if it isn't true to just summarize what you have already told me that you don't know how the water got there, you don't know how long it had been there and you don't know of any employees of H. E. B. that knew it was there until you slipped in it, that is true, isn't it?"

There was no evidence that appellant or its employees put the water on the floor or that they knew the water was on the floor. Therefore, the only question about which there might be any controversy is whether the water had been upon the floor for such period of time that appellant, or its employees, acting as reasonably prudent persons in the exercise of ordinary care, should have discovered it. As to this issue there is no direct evidence and the circumstantial evidence to establish it in the plaintiff's favor is lacking. The fact that the vegetables were washed in the morning before being placed on the produce section and they are moistened during the day at such location is not enough to establish that the puddle of water in which plaintiff slipped either came from the vegetables or got there through some fault of defendant. There was no showing as to the construction of the counter or rack on which the vegetables were kept or how the water from them could have leaked out to the place where the puddle was formed; nor was there a showing as to how much water was used in moistening the vegetables, the frequency with which they were moistened; nor that the water or liquid in question was not placed there by other persons in the course of handling the vegetables or otherwise; neither was there any showing as to the physical lay-out of the produce section and the distances involved. In short, there is no evidence to show when or how the water got on the floor or how long it had been there. It might have been put there by third persons only a few moments before the plaintiff slipped and fell. In this situation we believe that the statement from the case of Smith v. Safeway Stores, Inc., 167 S.W. 2d 1044–1046, (Tex.Civ.App., 1943, n. w. h.), correctly summarizes the applicable rule as follows:

"We think the settled rule in such cases as the one before us is that a storekeeper is not the insurer of the safety of his invited customers but that he owes to them the duty to use ordinary care to keep and maintain his premises in a reasonably safe condition for their use. The dangerous condition must have been known to the one charged with negligence, or the condition must have existed for such length of time or under such conditions that he would or should have discovered it by the exercise of reasonable diligence. Worth Food Markets v. Le Baume, Tex.Civ. App., 112 S.W.2d 1089, writ dismissed;

Montfort v. West Texas Hotel Co., Tex.Civ.App., 117 S.W.2d 811, writ refused; Lone Star Gas Co. v. Ballard, Tex.Civ.App., 138 S.W.2d 633, writ refused; F. W. Woolworth Co. v. Goldston, Tex.Civ.App., 155 S.W.2d 830; Hollingsworth v. American Trading Co. Inc., Tex.Civ.App., 156 S.W. 2d 290; McCrory's Stores Corp. v. Murphy, Tex.Civ.App., 164 S.W.2d 735, writ refused, want of merit; 45 C.J. 837."

Appellee relies strongly upon Ice Service Company v. Scruggs, 284 S.W.2d 185 (Tex. Civ.App., 1955, wr. ref. n. r. e.). In that case the court held that a proper inference could be drawn that the puddle of water in which plaintiff (who was the manager of the business where the accident occurred) fell, was placed there by the employee of the Ice Company, where pieces of ice were present in nearby puddles of water and it was shown that the employee of the said Ice Company was the only person who had carried ice in the vicinity of the location where the fall took place. This is a considerably stronger showing than was made here where a similar inference as to the cause of the puddle cannot properly be made. Extended discussion of appellee's contention as to the color of the floor in the instant case is not necessary in the light of the recent decision in Parker Food Stores, Inc. v. Pierce, 374 S.W.2d 699 (Tex.Civ.App., 1964, wr. ref. n. r. e.).

Plaintiff has not met the burden of proving a cause of action for venue purposes in this case. In addition to the cases heretofore cited, as authority for such holding see the following: Safeway Stores of Texas v. Miller, 110 S.W.2d 927 (Tex. Civ.App.1937, error dism.); F. W. Woolworth Co. v. Goldston, 155 S.W.2d 830 (Tex.Civ.App.1941, ref. w. o m.); Rogers v. Collier, 223 S.W.2d 560 (Tex.Civ.App. error ref.); Springall v. Fredericksburg Hospital and Clinic, 225 S.W.2d 232 (Tex. Civ.App.1949, n. w. h.); Camp v. J. H. Kirkpatrick Co., 250 S.W.2d 413 (Tex. Civ.App.1952, n. w. h.); Beard v. Henke

& Pilot, Inc., 314 S.W.2d 844 (Tex.Civ. App.1958, n. w. h.); Dill v. Holt's Sporting Goods Store, 323 S.W.2d 644 (Tex. Civ.App.1959, n. w. h.); Great Atlantic & Pacific Tea Co. v. Giles, 354 S.W.2d 410 (Tex.Civ.App.1962, ref. n. r. e.).

It is apparent that the case has not been fully developed and a remand for new trial on the plea of privilege is proper. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948).

Reversed and remanded.