**TOWN & COUNTRY MODEL MARKET, INC., Appellant,**

v.

**Zeb SMITH et ux., Appellees.**

**No. 4391.**

Court of Civil Appeals of Texas.

Waco.

Aug. 26, 1965.

Lewright, Dyer & Redford, W. N. Woolsey, J. M. Burnett, Corpus Christi, for appellant.

Cullen, Mallette, Maddin & Edwards, Victoria, for appellees.

WILSON, Justice.

Appellee attempted to maintain venue under subdivision 9a, Art. 1995, Vernon's Ann.Civ.St., alleging negligence generally. The question presented is whether the essential venue facts of negligence and proximate cause under that subdivision were established. In our opinion they were not, and we reverse.

Appellee was shopping in appellant's grocery store where aluminum chairs were stacked against the wall for sale. She testified two of the chairs "were setting up". She saw her son-in-law sitting in one of these, and while her purchases were being checked she "went over there to sit and talk with him." She did not know, and there is no evidence to show how long the two chairs had been up, and there is no evidence as to who removed them from the stack and placed them in an upright position.

Appellee testified: "Just as I went to sit down, and I put my hand on the side of the chair and just went to sit down, and as I did that it slipped out from under me, and my hand went down and hit the floor." She did not know in which direction the chair slipped. "I just don't know how it done. It was so quick I didn't know anything." The chair was on a terrazzo floor which she testified she knew was slick. "They always are", she said.

The only grounds of negligence suggested by appellee are that there were "no rubber tips or other safety devices attached to the chair", and there were "no signs saying, 'do not sit in these chairs', or 'do not use these chairs'".

There is no evidence of negligence. Great Atlantic & Pacific Tea Company v. Giles, Tex.Civ.App., 354 S.W.2d 410, 412, writ ref. n. r. e.; Sherwood v. Medical & Surgical Group, Tex.Civ.App., 334 S.W.2d 520, 521, writ ref., and cases cited; H. E. Butt Grocery Company v. Russell, Tex.Civ.App., 391 S.W.2d 571.

The judgment is reversed, and judgment here rendered that the cause be transferred to Bexar County, Texas.