**K. H. DuBOSE et ux., Frankie DuBose, Appellants,**

v.

**PARKDALE PLAZA COMPANY and Warehouse Liquor Store, Inc., Appellees.**

**No. 227.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 27, 1966.

Rehearing Denied Nov. 17, 1966.

John C. North, Jr., and Jack R. Blackmon, of North, Blackmon & White, Corpus Christi, for appellants.

W. N. Woolsey, of Lewright, Dyer & Redford, M. W. Meredith, Jr., of Keys, Russell, Watson & Seaman, Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment in favor of appellees, defendants below, that appellants, plaintiffs below, take nothing by their suit.

K. H. DuBose and wife, Frankie DuBose, on January 21, 1964 brought this suit for damages against Parkdale Plaza Company and Warehouse Liquor Store, Inc., alleging that Mrs. DuBose suffered personal injuries on January 22, 1962, when she slipped and fell upon a sidewalk adjacent to Warehouse Liquor Store, Inc., lessee of Parkdale Plaza Company, the owner and operator of a shopping center in Corpus Christi, Texas. The defendants each answered by way of general denial, and thereafter filed separate motions for summary judgment which were granted by the court.

The summary judgment evidence consists of a deposition given by Mrs. DuBose on July 28, 1964, sworn to by her on August 20, 1964, and an affidavit by her dated and filed March 4, 1965, the day prior to the hearing of said motions.

Appellants, by three points, assert that the trial court erred in granting the summary judgment because (1) appellees had a duty to exercise reasonable care to keep the premises in a safe condition for their customers and invitees, and fact issues were raised with respect to the breach therof, (2) appellees created or caused to be created a dangerous condition in which the outside of the large plate glass windows of the Warehouse Liquor Store had been washed, and fact issues were raised with respect to whether appellees knew or should have known of the creation of such condition, and (3) defendants had a duty to remove any dangerous condition or to warn customers of the same, and fact issues were raised with respect to the breach thereof.

We agree with appellees' position that the deposition and affidavit of Mrs. DuBose considered in the light most favorable to ap-

pellants do not raise any genuine issue of material fact as to liability of appellees, and that the judgment should be affirmed.

The material facts developed by the deposition of Mrs. DuBose will be briefly summarized. On the morning of January 22, 1962, Mrs. DuBose was walking along a sidewalk within Parkdale Plaza Shopping Center adjacent to Warehouse Liquor Store No. 6, on the way to a beauty salon located two doors away. It had rained the night before and the sidewalk was wet and contained puddles of water in places. She was wearing rubber-soled shoes and was walking in a careful manner. She had not noticed the sidewalk being slippery. As she walked along the sidewalk adjacent to Warehouse Liquor Store No. 6, she saw a puddle of water and detoured or walked to her left in order to avoid it, placing her nearer to the windows of the Liquor Store, about four feet from the same. At that time, she slipped on the wet sidewalk and fell, landing in the puddle of water around which she had been detouring. She did not see anything on the sidewalk but water, and did not see any suds or foam on the water into which she fell. She did not see anyone washing the windows at the shopping center that morning, but after the accident had seen windows washed there with a soapy and foamy substance which was allowed to run down on the sidewalks. She guessed that the Liquor Store windows had been washed that morning since they were clean enough to see through them. This was just a guess on her part, and the windows if cleaned could have either been "squeegeed" off or washed. She further testified that assuming there was detergent or something of that nature in the water into which she fell, she did not know how it got there or how long it had been there. Six days after she fell, Mrs. DuBose said she placed her dress in a sink of cold water to soak, noticed bubbles in the water, and concluded that the substance which came out of the water was a detergent of some type from window washing, based upon

what she had observed at the shopping center since the accident.

The subsequent affidavit by Mrs. Du-Bose, filed in opposition to the motions for summary judgment, is generally in accord with her deposition concerning the manner in which she slipped and fell. However, the affidavit also contains the following statements:

"Although the sidewalk area appeared wet, there was nothing to indicate anything more than wetness due to the rain. However, the windows on the Warehouse Liquor Store in question had been washed that morning, and some kind of a detergent had been used, and allowed to splash or wash down onto the sidewalk where I was walking and detouring away from the puddle of water in the middle of the sidewalk area. There was nothing to indicate the presence of soap or detergent or anything slick in this sidewalk as I walked up to it and over it. The slickness was not apparent to me, and the presence of the detergent or whatever soap or cleaning agent the window-washing water used contained was not obvious or even apparent. I know it was some kind of a detergent because I put my dress in cold water soak a few days later and the water filled with all sorts of bubbles and suds from that which had been soaked up by my dress in the fall."

■ Even if we assume that appellees were shown to be owners or occupiers of the premises where the accident occurred, and that Mrs. DuBose was an invitee, in order to raise issues of fact as to the liability of appellees, the summary judgment record must reflect evidence of probative force tending to show either (1) that appellees put the foreign substance on the sidewalk, or (2) that the appellees knew the foreign substance was on the sidewalk and negligently failed to remove it, or (3) that the foreign substance had been there long enough that it should have been discovered and removed by appellees in the exercise

of ordinary care. Sherwood v. Medical & Surgical Group, Inc., 334 S.W.2d 520 (Tex. Civ.App., 1960, writ refused), and cases therein cited.

■ The deposition of Mrs. DuBose fails to present evidence of probative force as to any of such grounds of liability. At most, a conclusion or guess on her part as to such matters is involved. Her affidavit, however, purports to state as facts that the windows of the Warehouse Liquor Store had been washed on the morning of the accident; that some kind of detergent had been used, which had been allowed to splash or wash down onto the sidewalk; that Mrs. DuBose knew it was a detergent because when she soaked her dress in cold water several days later, the water filled with bubbles and suds from that which had been soaked up by the dress in the fall. The affidavit fails to meet the requirements of Rule 166–A, Texas Rules of Civil Procedure. The statement made in the second paragraph thereof that she has "personal knowledge of every statement herein made and am fully competent to testify to the matters stated herein" does not alone amount to an affirmative showing of her competence to testify concerning the matters just mentioned. Even if she made such a statement on the witness stand at a trial, it would not make admissible her testimony relative to the washing of the windows and the use of a detergent unless she could testify that she saw the same or that the facts concerning the same had been stated to her by way of admission against the defendants. The affidavit here does nct meet the test in summary judgment cases "that affidavits must be made by competent affiants with personal knowledge of the statements in them, which statements must be so wcrded that if given on the witness stand they would be admissible as evidence." Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 399. See, also, Heath v. City of Abilene, 337 S.W.2d 180 (Tex.Civ.App.1960, n. w. h.); Gaston v. Copeland, 335 S.W.2d 406 (Tex. Civ.App.1960, wr. ref. n. r. e.); Westfall

v. Lorenzo Gin Co., 287 S.W.2d 551 (Tex. Civ.App., 1956, n. w. h.)

In any event, even if we assume that the affidavit and deposition of Mrs. DuBose are sufficient to establish that a detergent or other foreign substance was on the sidewalk, they are not sufficient to show that the same came from the window in question or was attributable to conduct on the part of either appellee.

The judgment of the trial court is affirmed.