**H. E. BUTT GROCERY COMPANY,**
Appellant,

v.

**Stella Marie DILLINGHAM et vir, Appellees.**

No. 305.

Court of Civil Appeals of Texas.

Corpus Christi.

June 22, 1967.

Rehearing Denied July 13, 1967.

W. N. Woolsey, of Lewright, Dyer & Redford, Corpus Christi, for appellant.

Dean Patton, of Morrill & Patton, Beeville, for appellees.

OPINION

GREEN, Chief Justice.

A venue case involving Subdivision 9a, Art. 1995, Vernon's Ann.Tex.Civ.St. The plea of privilege of defendant H. E. Butt Grocery Company, a corporation, to be sued

in Nueces County, the county of its domicile, was overruled, and it appeals.

Plaintiff Mrs. Stella Marie Dillingham joined by her husband brought this suit in the district court of Bee County to recover damages allegedly resulting when she stepped in a puddle of some kind of liquid in defendant's store in Beeville, Bee County, and fell to the floor. Mrs. Dillingham was the only witness giving evidence at the venue hearing. She testified that about 4:00 P.M. Saturday, October 3, 1964, she went into defendant's store in Beeville to purchase her weekly list of groceries. After she had completed selecting the articles she wished to buy and had them put in the cart furnished for that purpose, she wheeled the cart to one of the checker stands to have her purchases checked out. While in line there, she remembered that she had borrowed a pencil from an employee at the office in the store, and leaving her basket of groceries at the checker's counter, she went to the office to give back the pencil. In returning to pay for and get her groceries, she found that she could not get to her basket through the aisle as she had entered it due to there being a number of customers with grocery carts behind hers crowding that aisle. There were several other checker stations in the store, and the one next to that which she had entered was not then in use and no employee was in attendance. Generally, a chain or barrier was placed across checker aisles not in use, which would prevent persons from going through such aisles. On this occasion there was no such chain or barrier across the unattended aisle and Mrs. Dillingham decided to use that approach to get back to the front of her checker station so that she could pay for and obtain her groceries. As she entered the aisle not in use, she stepped in a puddle of colorless liquid, described by her as water or soda pop, slipped and fell, and suffered the injuries complained of. She had not seen the puddle before stepping into it and did not know it was there. She did not know how long the liquid had been on the floor,

or how it had gotten there. The manager of the store told her, a few days after the accident, that there was probably ten gallons of stuff spilled in the store every Saturday. .

No attempt was made by plaintiff to prove that (1) defendant put the liquid on the floor, or (2) that the defendant knew the liquid was on the floor and willfully or negligently failed to remove it, or (3) that the liquid had been on the floor for such a period of time that it would have been discovered and removed by the defendant had the defendant exercised ordinary care.

In Sherwood v. Medical & Surgical Group, Inc., Tex.Civ.App., 334 S.W.2d 520, writ ref., the district court in the trial on the merits of a "slip and fall" case had instructed a verdict for the defendant. The appellate court, in affirming the judgment, said:

> "Appellant concedes there is no direct evidence as to who put the slippery substance on the floor, or how long it had been there. There is no evidence defendant caused the floor to be waxed or polished, or that it had used any substance on the floor. There was no evidence of actual or constructive knowledge of the presence of a foreign substance. We think the court's determination should be sustained. Rogers v. Collier, Tex.Civ.App., 223 S.W.2d 560, 563, writ ref.; Del Camino Courts, Inc. v. Curtice, Tex.Civ.App., 323 S.W.2d 355, no writ hist.; Dill v. Holt's Sporting Goods Store, Tex.Civ.App., 323 S.W.2d 644, no rehearing; Henderson v. Pipkin Gro. Co., Tex.Civ.App., 268 S.W.2d 703, writ dis.; Springall v. Fredericksburg Hospital and Clinic, Tex.Civ.App., 225 S.W.2d 232, 235, no writ hist."

As noted above, the Supreme Court unqualifiedly refused a writ of error.

This court had occasion to write on this subject in H. E. Butt Grocery Company v. Kirkwood, 384 S.W.2d 790, n.w.h. In reversing the order of the trial court over-

ruling defendant's plea of privilege in a "slip and fall" case, Justice Sharpe, speaking for the court, said:

> "There was no evidence that appellant or its employees put the water on the floor or that they knew the water was on the floor. Therefore, the only question about which there might be any controversy is whether the water had been upon the floor for such period of time that appellant, or its employees, acting as reasonably prudent persons in the exercise of ordinary care, should have discovered it. As to this issue there is no direct evidence and the circumstantial evidence to establish it in the plaintiff's favor is lacking.

> \* \* \* \* \* \*

> "Plaintiff has not met the burden of proving a cause of action for venue purposes in this case. In addition to the cases heretofore cited, as authority for such holding see the following: Safeway Stores of Texas v. Miller, 110 S.W. 2d 927 (Tex.Civ.App. 1937, error dism.); F. W. Woolworth Co. v. Goldston, 155 S.W.2d 830 (Tex.Civ.App. 1941, ref. w. o. m.); Rogers v. Collier, 223 S.W.2d 560 (Tex.Civ.App. error ref.); Springall v. Fredericksburg Hospital and Clinic, 225 S.W.2d 232 (Tex.Civ.App. 1949, n. w. h.); Camp v. J. H. Kirkpatrick Co., 250 S.W.2d 413 (Tex.Civ.App. 1952, n. w. h.); Beard v. Henke & Pilot, Inc., 314 S.W. 2d 844 (Tex.Civ.App. 1958, n. w. h.); Dill v. Holt's Sporting Goods Store, 323 S.W. 2d 644 (Tex.Civ.App. 1959, n. w. h.); Great Atlantic & Pacific Tea Co. v. Giles, 354 S.W.2d 410 (Tex.Civ.App. 1962, ref. n. r. e.)."

See also DuBose v. Parkdale Plaza Company, Corpus Christi Court, Civ.App., 408 S.W.2d 324, wr. ref. n. r. e., and cases cited.

Plaintiff-appellees argue that this is more than the usual "slip and fall" case, in that they alleged and raised fact issues of negligence and proximate cause other than those involving the presence of the liquid on the floor. We copy from plaintiffs' petition the grounds of negligence asserted:

> "(a) In failing to remove the slippery substance from the floor.

> (b) In failing to close the check-out aisle where such slippery substance existed on the floor.

> (c) In failing to give warning to the Plaintiff, Stella Marie Dillingham, of the existence of such slippery substance on the floor.

> (d) In failing to post a warning of the slippery and dangerous condition.

> (e) In failing to place any cover over the area where the slippery substance existed.

> (f) In failing to provide skid-resistant type flooring or floor covering in the check-out aisle.

> (g) In failing to provide hand rails or other supports, to prevent persons from falling in such area, or to enable persons to break the force of such a fall.

> (h) In failing to post warnings of possible dangerous conditions, in the check-out aisle areas.

> (i) In failing to maintain the floor against slippery conditions, or so as to prevent such dangerous conditions.

> (j) In failing to take steps to remedy the slippery condition of the floor."

The *only* evidence raising any fact issue that the lane in which plaintiff fell was fraught with danger was the testimony of the presence of the liquid on the floor. As stated above, and as held in Sherwood, supra, Kirkwood, supra, DuBose, supra, and the authorities therein cited no liability due to such presence would attach to defendant without some evidence (1) that defendant put the liquid on the floor, *or* (2) that defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it, *or* (3)

that the liquid had been on the floor for such a period of time that it would have been discovered and removed by defendant had it exercised ordinary care. There was no such evidence. There was *no evidence* that any act of the defendant or failure of defendant to act, other than the mere presence of the liquid on the floor, was a proximate cause of plaintiff's fall. There was no evidence that the floor was unduly slippery in the absence of water, or that the defendant was negligent in failing to provide handrails at the counter, or that the absence of such handrails constituted a proximate cause of her fall. In the absence of such evidence, there was no fact issue of an act or omission of negligence of defendant or its agents, servants or representatives within the scope of their employment occurring in Bee County which proximately caused plaintiff's injuries. Subdivision 9a, Art. 1995, V.A.T.S. Under the principles of law stated above, and repeatedly announced by the authorities herein cited and many others, there was no evidence to support any implied finding that defendant breached any duty owing by it to Mrs. Dillingham. Halepeska v. Callihan Interests, Inc., Tex.Sup.Ct., 371 S.W. 2d 368; H. E. Butt Grocery Company v. Russell, Tex.Civ.App., 391 S.W.2d 571, writ ref. n. r. e.

Plaintiffs in the trial court relied also on Subdivisions 4 and 23, Art. 1995; however, on appeal they as appellees have expressly abandoned such as grounds for retaining venue in Bee County. In our study of the record, we have found no evidence of venue there under either of these two subdivisions.

The trial court erred in overruling defendant's plea of privilege.

The judgment of the trial court is reversed, the plea of privilege of defendant H. E. Butt Grocery Company is sustained, and the case as to such defendant is ordered transferred to one of the district courts of Nueces County, Texas.

Reversed and rendered.