**D. A. POPE, and wife, Millie T. Pope, Plaintiffs-Appellees,**

v.

**SAFEWAY STORES, INC., Defendant-Appellant.**

**No. 28940.**

United States Court of Appeals, Fifth Circuit.

May 13, 1970.

Rehearing Denied June 10, 1970.

Victor Hlavinka, Otto Atchley, Texarkana, Tex., for defendant-appellant.

Franklin Jones, Jr., Franklin Jones, Sr., Marshall, Tex., for plaintiffs-appellees.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

PER CURIAM:

In this "slip and fall" case Safeway Stores, Inc., the defendant-appellant, asks this court to determine whether the trial court erred in rejecting appellant's motions for a directed verdict and a judgment notwithstanding the verdict. We are convinced that the evidence of negligence was sufficient to support the district court's denials. Accordingly, the judgment is affirmed.

On the morning of April 20, 1968 Millie T. Pope was an invitee in defendant's store in Marshal, Texas. She had traversed approximately one-third of the freshly waxed floor[1] when she slipped and fell sustaining serious injuries. Both Millie and her husband examined the floor immediately after the accident and testified that it was "slick as glass."

 This Circuit has adopted the rule that in diversity cases a federal rather than a state standard should be applied in evaluating the sufficiency of the evidence to create a jury question. That standard, as articulated in Boeing Co. v. Shipman (en banc), provides:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the nonmover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach

---

1. Appellant's employee, Clyde E. Bennett, testified that he finished cleaning and waxing the floor at approximately 4:00 a. m. on the date of the accident which occurred about 9:00 a. m.

different conclusions, the motions should be denied, and the case submitted to the jury.[2]

In our opinion there was sufficient evidence presented to raise a jury question as to whether appellant negligently maintained its floors in a dangerous condition under the facts and in the circumstances disclosed by the record and was liable for the injuries sustained by the plaintiff.[3]

Affirmed.

2. 411 F.2d 365, 374 (5th Cir. 1969).

3. *See* Western Union Tel. Co. v. McDavitt, 257 S.W.2d 319 (Tex.Civ.App.1953).

*Cf.* Sherwood v. Medical & Surgical Group, Inc., 334 S.W.2d 520 (Tex.Civ. App.1960).